SOTIROS N. CACHULES et al., as Executors of MICHAEL CONDAX, Deceased, Appellants, *v.* CARLYLE FINKELSTEIN et al., Respondents.

116 EAST 57TH STREET, INC., et al., Respondents, *v.* MICHAEL SAYTANIDES et al., Appellants, et al., Defendants.

First Department, November 27, 1951.

*Michael Saytanides* of counsel (*Alexander D. Diamond* with him on the brief; *Lambadakis, Saytanides & Mulaine,* attorneys), for plaintiffs-defendants-appellants.

*Alexander D. Diamond* of counsel (*Michael Saytanides* with him on the brief; *Lambadakis, Saytanides & Mulaine,* attorneys), for plaintiffs-appellants.

*Carlyle Finkelstein* for respondents.

*Per Curiam.* Five appeals are now before the Appellate Division. The main appeals are from a final judgment in the sum of $6,048.67 in favor of 116 East 57th Street, Inc., and against Carlyle Finkelstein upon an accounting. That judgment dismissed the complaint insofar as it asked for separate relief in favor of Michael Condax or his estate. An interlocutory judgment of accounting had been entered by consent during the trial, and said recovery of $6,048.67 awarded by the final judgment was based upon a long and careful report by the Referee appointed by the interlocutory judgment. No findings of fact were made by Special Term, except as it provided in the final judgment " that the said report of the referee is duly confirmed in all respects ". The facts found by the Referee were thereby confirmed, and his report became, in effect, the decision of the court. These facts are sustained by the evidence, and that part of the judgment should be affirmed which directs Carlyle Finkelstein to pay $6,048.67 as a result of the accounting to 116 East 57th Street, Inc.

The only matters included in said complaint, which were not referred to the Referee, concern the prayer of the executors of Michael Condax for a dissolution of said corporation known as 116 East 57th Street, Inc., and an allowance claimed by said plaintiffs for counsel fees in the prosecution of the action. Plaintiffs' theory in asking for dissolution is apparently that the corporation has an even number of directors who are equally divided respecting the management of its affairs, and that it is a proper case for dissolution owing to the stock being owned equally by contending factions. Such a basis for dissolution might be asserted in a proceeding brought under section 103 of the General Corporation Law, but is not properly the subject of an action. In *Hitch* v. *Hawley* (132 N. Y. 212, 217) the Court of Appeals said, per VANN, J.: " Whether courts of equity have inherent power to dissolve corporations, as has been held in some jurisdictions but denied in others, it is unnecessary for us to consider, as the method of effecting corporate dissolution, when prescribed by statute as in this state, is exclusive, and must be substantially followed. (*Verplanck* v. *Mercantile Ins. Co.,* 1 Edw. Ch. 84; *Kohl* v. *Lillienthal,* 81 Cal. 378; Spelling on Private Corporations, § 1008.) " The *Hitch* case was followed in *Assets Realization Co.* v. *Howard* (70 Misc. 651, 678, affd. 152 App. Div. 900) and has been cited in support of the same propo-

sition by White on New York Corporations (Vol. 2, [12 ed.], § 71, par. 3). A former proceeding for dissolution of this corporation under section 103 of the General Corporation Law, instituted by Michael Condax, was dismissed (*Matter of Condax*, N. Y. L. J., Aug. 20, 1948, p. 283, col. 1). It may well be that such a proceeding would be maintainable now in view of occurrences subsequent to the institution of the former proceeding in 1948, but we are not called upon to decide that issue upon these appeals. Neither are plaintiffs entitled to recover counsel fees for maintaining this action. The relief asked for in this complaint, other than an accounting, was properly dismissed on the law by the judgment under review, which was made April 4, 1950, and entered in the New York County Clerk's office June 15, 1951. The said judgment, together with the order entered November 22, 1950, denying appellant executors' motion to vacate it, should be affirmed. This disposes of two of the appeals presently before this court.

During the progress of the litigation mentioned above, the said action was consolidated with an action in Westchester County commenced by Finkelstein and others for damages for conspiracy falsely to institute and maintain it. After the judgment above mentioned, all that remained of the consolidated action was the conspiracy action, which had been transferred by the order of consolidation from Westchester to New York County. An appeal has been taken from an order entered January 8, 1951, denying a motion for a preference in the trial thereof. A further order entered January 15, 1951, is appealed from, which granted a motion to strike the consolidated action from the Special Term calendar and to transfer what remained of the action to the Trial Term as a jury cause. The appeals from said orders of January 8, 1951, and January 15, 1951, which relate to practice orders affecting the trial of the conspiracy action, would ordinarily be dismissed as academic inasmuch as by an order entered April 11, 1951, the second amended and supplemental complaint in the conspiracy action was dismissed with leave to amend, and on June 27, 1951, an order was entered finally dismissing the third amended complaint therein. Inasmuch as we are not advised concerning whether an appeal is pending from said order dismissing the third amended complaint in the conspiracy action, it seems preferable to affirm the said orders of January 8, 1951, and January 15, 1951, rather

than to dismiss those two appeals. Said orders were correct when they were entered, and they should be affirmed.

Also before this court is an appeal from an order entered March 29, 1951, denying a motion (1) for summary judgment dismissing Finkelstein's second amended complaint in the conspiracy action and (2) to restore said action to Special Term for trial. The appeal from this order should be dismissed as academic insofar as it relates to said second amended complaint, which was superseded by a third amended complaint afterwards dismissed. That portion of said order entered March 29, 1951, which denied the motion to restore the conspiracy action to Special Term for trial was correct when it was entered, and that portion of said order should be affirmed rather than the appeal dismissed, in view of the possible pendency of an appeal from the order dismissing the conspiracy action.

PECK, P. J., GLENNON, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

(I, II) Orders unanimously affirmed, with $20 costs and disbursements to respondents. (III) Appeal from so much of the order entered March 29, 1951, as denied the motion for summary judgment dismissing the second amended complaint in the second above-entitled cause of action unanimously dismissed as academic and the order, insofar as it denied the motion to restore the balance of the consolidated action to the day calendar of Special Term, Part III, for trial and determination of the issues in the first above-entitled action unanimously affirmed, with $20 costs and disbursements to respondents. (IV) Judgment unanimously affirmed, with costs to respondents. (V) Order unanimously affirmed, with $20 costs and disbursements to respondents. [See *post*, p. 778.]