In the Matter of the Application for Voluntary Dissolution of SHERIDAN CONSTRUCTION CORPORATION and four other corporations. JOHN W. BUYERS, Respondent; ALBERT E. BUYERS, JR., et al., Appellants.

Fourth Department, January 14, 1965.

*Hodgson, Russ, Andrews, Woods & Goodyear (Victor T. Fuzak of counsel), for appellants.*

*Phillips, Mahoney, Lytle, Yorkey & Letchworth (David K. Floyd of counsel), for respondent.*

*Per Curiam.* Amidst a background of fraternal strife between two brothers, Albert and John Buyers, who originally embarked on various successful business ventures but subsequently became enmeshed in a bitter feud, this proceeding was initiated by John for judicial dissolution of five corporations pursuant to section 103 of the General Corporation Law (now Business Corporation Law, § 1104). Albert appeals from the order entered upon the decision of Justice KING granting dissolution of two of the five corporations.

John and Albert are the only stockholders (each owning 50%), officers and directors of the five corporations which engaged in various phases of the construction industry. The disagreements which developed and the intensity of their discord became so great that efficient management became impossible. The paralysis in management contemplated by section 103 of the General Corporation Law and its successor, section 1104 of the Business Corporation Law, is and has been abundantly present. The impasse is actual and definitive and no more classical example of deadlock could be found. The presence of an even number of directors, equally divided in respect to management of corporate affairs, resulted in complete frustration and standstill in board action. No alternative

is present and dissolution is the only practical and feasible solution (*Cachules* v. *Finkelstein*, 279 App. Div. 173; *Matter of Gotham Tissue Corp.* [*Picola*], 269 App. Div. 922).

There is no hope of reconciliation between these two brothers in the foreseeable future. They can find no common ground of agreement in any respect and a continuation of the corporations would result only in further dissipation of the assets and greater harm than the massive damage already done to all of the corporations. The test of the need for dissolution is succinctly stated in *Matter of Radom & Neidorff* (307 N. Y. 1, 7): '' The prime inquiry is, always, as to necessity for dissolution, that is, whether judicially-imposed death ' will be beneficial to the stockholders or members and not injurious to the public ' (General Corporation Law, § 117; *Hitch* v. *Hawley* [132 N. Y. 212]; 1944 Report of N. Y. Law Revision Commission, p. 354 * * *) ''. The record amply demonstrates that applying this test the dissolution will be beneficial to both stockholders and will put an end to the losses which have been experienced since 1958 when the conflict became acute, and the situation has badly deteriorated since that time. The disabling impasse confronting these corporations is increased by the unique provision of the by-laws whereby executive power is diffused between the two brothers, irrespective of office held, in lieu of concentration of authority in one chief executive officer. Such a provision under the circumstances gives each brother a wide opportunity for displaying his power although the exercise of such power results in a senseless duplication of effort and a wasteful depletion of corporation funds.

Appellant further contends that application of the principles of *res judicata* or collateral estoppel requires reversal of the order of dissolution or postponement by this court of decision of the appeal therefrom. In 1961 appellant commenced an action seeking various kinds of equitable relief against respondent, John, and others. The trial of that action extended over a period of months and terminated with a decision of the trial court dismissing the 11 causes of action set forth in the complaint and also denying respondent, John, certain equitable relief (other than dissolution of the corporations) sought in a cross complaint. An unperfected appeal from the judgment entered on that decision is pending in this court. In substance it is the present contention of appellant that the former decision is the law of the case and *res judicata* as to the proceeding before us and that the present appeal may not be decided until the correctness of the prior judgment is passed upon by this court. We do not agree.

"The general principle is recognized that 'a fact, once decided in an earlier suit, is conclusively established between the parties [or their privies] in any later suit, provided it was necessary to the result of the first suit.' (*Hinchey* v. *Sellers,* 7 N Y 2d 287, 293.) But the estoppel is limited in such circumstances to the point actually determined. 'The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second.' (*Schuykill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 308.)" (*Matter of Fairmeadows Mobile Vil.* v. *Shaw,* 16 A D 2d 137, 139.) These principles were implemented upon the trial of the dissolution proceeding. When certain factual issues were presented that were identical to those specifically passed upon in the earlier litigation the trial court properly applied that aspect of *res judicata* commonly referred to as collateral estoppel. But the ultimate holding herein that there should be corporate dissolution will in no manner destroy or impair the rights or interests of any party to the former litigation where relief was sought "in fragmented actions by way of stockholders' derivative suits or otherwise." (*Leibert* v. *Clapp,* 13 N Y 2d 313, 316.) Moreover, the factual findings to which the doctrine of collateral estoppel was applied herein were peripheral in nature and were neither essential nor important to the principal issue as to whether or not the corporations should be dissolved.

The trial court, as heretofore stated, granted the petition to the extent of directing dissolution of two of the five named corporations. While petitioner did not appeal from any part of the order of dissolution we construe the notice of appeal of appellant, Albert, to be sufficiently broad to present the issue of the denial of dissolution of the three other corporations. No good purpose can be served by granting dissolution of the two principal corporations and having the three peripheral corporations dangling without any reason for their existence. We therefore modify the dissolution order by broadening it to provide dissolution of all of the corporations.

Such modification and the affirmance of the order of dissolution make academic the appeal from the pretrial orders granting certain injunctive relief and appointing a temporary receiver of all corporations.

This proceeding was brought pursuant to section 103 of the General Corporation Law. Section 117 of that law mandates the court upon making a final order of dissolution to appoint one or more receivers "if the corporation [is] insolvent". In the event there is not proof of insolvency discretionary authority.

is vested in the court to dispense with such a receiver and " direct distribution of the assets ". Section 118 of the law grants further discretionary power to appoint as a receiver a director, officer, or shareholder of the corporation. The substance of these provisions since September 1, 1963 has been incorporated in the Business Corporation Law (cf. §§ 1111, 1113, and art. 12). Thus, under both statutes there has been continuing power to appoint a permanent receiver upon the making of a final order of dissolution. We agree with the conclusion of Special Term that it would be most inappropriate to appoint as such receiver a director, officer, or shareholder of any of the corporations.

WILLIAMS, P. J., BASTOW, GOLDMAN, NOONAN and DEL VECCHIO, JJ., concur.

Order (entered March 16, 1964) unanimously modified on the law and facts in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. Appeals (from orders entered December 30, 1963 and January 16, 1964) unanimously dismissed, without costs, as academic.)