on August 5, 1970, unanimously modified, on the law and in the exercise of discretion, to the extent of requiring plaintiffs to serve a further bill of particulars eliminating the omnibus negligence clause contained in item 4, to direct that particulars of all claimed sequelae resulting from the alleged injuries sustained in the accident be furnished to defendants at least 60 days prior to trial, and to direct that plaintiffs specify the rules, regulations, statutes and ordinances of New Jersey, if any, upon which it intends to rely. As so modified the order is affirmed, without costs and without disbursements. While it is not necessary to plead foreign law and the court, pursuant to CPLR 4511 (subd. [a]), will take judicial notice of the public statutes, etc., of New Jersey, it has been determined in tort actions that traffic rules, regulations and ordinances allegedly violated are matters subject to a bill of particulars (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.13 and cases cited; 6 Carmody-Wait 2d, New York Practice, § 36:39, p. 230; cf. *Pfleuger* v. *Pfleuger*, 304 N. Y. 148). While the substance need not be set forth, the identity of the rules, regulations, etc., involved should be indicated as an aid to the court and the litigant to avoid mistake as well as determine the applicability thereof. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Tilzer, JJ.

■ MARTIN LANGER, on Behalf of Himself as a Shareholder of Yorkville Associates, Appellant, v. MARTIN GARAY et al., Respondents.— Order, Supreme Court, New York County, entered on November 25, 1970, granting plaintiff's motion to examine three witnesses before trial, to the extent of directing an examination of only one of them, unanimously modified, on the law and on the facts, to the extent of further granting plaintiff's motion insofar as it seeks to examine witness, Papoutsis, in addition to Mougias, and otherwise affirmed, without costs and without disbursements. The same special circumstances which were found by Special Term to be sufficient to justify an examination before trial of Mougias, warrant an examination of his partner, Papoutsis. The conclusory denial of wrongdoing, contained in the latter's affidavit, which was submitted in opposition to plaintiff's motion, is an insufficient substitute for a pre-trial deposition. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Tilzer, JJ.

■ In the Matter of MARTIN GARAY et al., Respondents, v. HARRY LANGER et al., Appellants.— No opinion. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Tilzer, JJ.

■ In the Matter of MARTIN GARAY et al., Appellants, v. HARRY LANGER et al., Respondents.— Order, Supreme Court, New York County, entered on April 23, 1971, in a proceeding for corporate dissolution, denying petitioners' motion for summary judgment, unanimously reversed, on the law, without costs and without disbursements, and the motion granted. Petitioners own ⅔ and respondents ⅓ of the outstanding capital stock of Yorkville Associates. They also constitute all of the directors of Yorkville. The corporation's charter and by-laws require unanimous consent of directors and shareholders as to all corporate matters. In 1967 respondent, Martin Langer, commenced a stockholders' derivative suit against petitioners and a temporary receiver was appointed therein. That action is still pending and that receiver is still in possession. The dispute between the two family factions has rendered it impossible for the corporation to function. All of the grounds for dissolution provided for in subdivision (a) of section 1104 of the Business Corporation Law are undeniably present here. No contested issues of fact have been shown, and, accordingly, no hearing is necessary. (*Matter of Gordon & Weiss,* 32 A D 2d 279.) Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Tilzer, JJ.