OPINION OF THE COURT
Russell G. Pelton, J.
After trial duly held, and presentation of testimony and other evidence, this court rendered a decision awarding damages to plaintiff and awarding statutory costs under the Uniform Justice Court Act.
Defendant now calls to the attention of the court section 1902 of the Uniform Justice Court Act which states that a party shall be allowed costs only "if he has appeared by attorney.” In this case the plaintiff appeared pro se. Defendant was represented by an attorney (for the carrier).
One of the advantages of the system of our Town Justice Courts in New York State is that people may appear in court pro se whether it be a small claims or other part.
The court has been unable to obtain from legislative history *1019 an explanation of the reasons for the addition to section 1902 of the phrase "if he has appeared by attorney.” A review of the relationship, if any, of attorney’s fees to court costs would appear to be in order.
In early English common law (year 1200) the winning litigant recovered no costs of any kind from the loser. In 1275 the Statute of Gloucester permitted the plaintiff to recover costs in certain types of actions, and by 1607 also the defendants could recover costs as a prevailing party. Under English practice today costs may be awarded at the discretion of the Judge to include fees paid to counsel and witnesses, among other expenses.
This practice has not been accepted as a common-law rule in this country. Here costs may be awarded where permitted by statute. In 1848 the New York legislators refused to fix attorneys’ fees by statute (as they were in England to a large extent), but costs other than attorneys’ fees have been provided for in the code.
It is fundamental today that costs awarded in an action normally are separate and distinct from award of attorney’s fees. In civil actions there may be an award to the prevailing party for certain statutory court and related costs (CPLR arts 82, 83). In section 1901 of the Uniform Justice Court Act there is the statutory provision that $5 costs may be awarded for each $100 or part thereof awarded as damages up to a maximum of $50.
Attorney’s fees on the other hand are not ordinarily recoverable as costs. (Klein v Sharp, 41 AD2d 926; Edelman v Goodman, 41 Misc 2d 8; Cachules v Finkelstein, 279 App Div 173; New York Dock Co. v McCollum, 173 Misc 106; Smith v Happiness Candy Stores, 179 Misc 690; Shielcrawt v Moffett, 49 NYS2d 64, affd 268 App Div 352; Gildener v Lynch, 54 NYS2d 827; Caperna v Williams-Bauer Corp., 185 Misc 687, affd 186 Misc 27; Weinstein v Behn, 68 NYS2d 199, affd 272 App Div 1045; Margareten v Horowitz, 112 NYS2d 24.) Attorney’s fees may be the subject of special consideration only under exceptional circumstances.
The same practice is followed in the Federal courts. Section 285 of title 35 of the United States Code provides that "in exceptional cases” the court may award attorney’s fees.
There being no relationship in the ordinary case between the award of costs and the award of attorney’s fees, it follows that the award of costs under the Uniform Justice Court Act *1020 is or should be unrelated to attorney’s fees and to any consideration of whether the party has been represented by an attorney. It appears that the legislators adding the phrase to section 1902 arbitrarily have treated some parties differently from other parties in an action in a Town or Village Court. Those who are unable to afford an attorney to represent them in an action are denied the award of costs, although others who are able to afford an attorney may be awarded costs. This provision in the act denies equal treatment under the laws of the State to certain persons in a class not denied to others in that class.
It is apparent that the phrase "if he has appeared by attorney”* in section 1902 denying award of costs to those unable to afford an attorney, improperly and illegally discriminates against certain persons in a class in violation of the equal protection provisions in section 11 of article I of the New York State Constitution.
It is, therefore, the finding of this court that the phrase "if he has appeared by attorney” is unconstitutional and void.
In the instant action the court awards costs to the plaintiff in accordance with its original decision.

 The pronoun "he” might also be the subject of controversy today.