■ In the Matter of STEVEN SCHWARTZREICH et al., Respondents. VICTOR BAHAR et al., Appellants. (Proceeding No. 1.) In the Matter of STEVEN SCHWARTZREICH et al., Respondents. VICTOR BAHAR et al., Appellants. (Proceeding No. 2.) In the Matter of STEVEN SCHWARTZREICH et al., Respondents. MERRICK BAHAR, et al., Appellants. (Proceeding No. 3.) In the Matter of ELAINE SCHWARTZREICH et al., Respondents. MERRICK BAHAR et al., Appellants. (Proceeding No. 4.)—In four proceedings for the judicial dissolution of three corporations and a partnership, the appeal is from an order of the Supreme Court, Nassau County (Roncallo, J.), entered April 27, 1987, which denied that branch of the appellants' motion which was to compel the petitioners to execute and consummate a secured revolving line of credit with a credit facility.

Ordered, that the order is reversed, on the law and the facts, with costs, and that branch of the appellants' motion which was to compel the petitioners to execute a secured revolving line of credit with a credit facility is granted and the petitioners are directed to execute the requisite documents necessary to enter into a $2,000,000 revolving line of credit under the terms offered by Chemical Bank pursuant to its proposal dated March 13, 1987.

On August 22, 1986, the petitioners brought these proceedings for the judicial dissolution of 3 closely held corporations and 1 New York partnership. The order to show cause commencing these proceedings contained a preliminary injunction directing those in control of the businesses to "take all steps reasonably necessary to protect and preserve [the assets of the businesses]". By order of the Supreme Court, Nassau County (Roncallo, J.), dated January 29, 1987, the injunction was continued and a Referee appointed to ascertain the facts.

In response to the appellants' request for an immediate hearing with respect to the need for a line of credit with a credit facility, evidentiary hearings were held on March 17, 1987, and March 18, 1987. The unrefuted evidence offered by the appellants indicated that the prior $2,500,000 line of

credit from Citibank had been revoked when one of the petitioners informed Citibank of the pendency of the dissolution proceedings. The appellants were able to procure a proposal from Chemical Bank for a $2,000,000 revolving credit line; however, the petitioners refused to execute the requested documents.

Findings of fact were adduced that the profitability of the primary corporation had been negatively affected by the absence of a line of credit with a credit facility and the petitioners conceded that "long-term profits have been impacted by the absence of a credit facility". Unable to involve itself in more lucrative long-term investments, the primary corporation was forced to make conservative short-term investments at a lower yield.

The Referee issued a first interim report dated April 14, 1987, which noted that the absence of a line of credit with a credit facility for a corporation whose annual sales volume was $200,000,000 was "inconceivable" and stated that pursuant to the injunction obtained by the petitioners to maintain the assets of the corporation "[t]he establishment of a line of credit is reasonably necessary to preserve the assets of the corporation". The Referee recommended that the court exercise its discretionary power and order the petitioners to enter into the credit agreement.

On April 21, 1987, the appellants moved, *inter alia,* for an order pursuant to Business Corporation Law § 1113 directing the petitioners to execute the credit documents. Following oral argument the court denied the appellants' motion indicating that it was inclined to grant the order but believed such relief was beyond its jurisdiction.

As the Supreme Court is vested with inherent plenary power with original jurisdiction in law and equity, it is authorized to render such relief as may be necessary to protect the rights of any party (NY Const, art VI, § 7; Judiciary Law § 140-b). The hearing court erroneously concluded that it was powerless to order the petitioners to execute the credit facility documents. In keeping with the preliminary injunction requiring that those in control of the operations of the businesses "shall take all steps reasonably necessary to protect and preserve" the assets of the businesses, the relief sought by the appellants was in furtherance of the preservation of assets pending the dissolution proceedings. Therefore, the relief should have been granted.

The petitioners' belated request for an undertaking is raised for the first time on appeal and has not been preserved for review *(American Indus. Contr. Co. v Travelers Indem. Co.,* 54 AD2d 679, *affd* 42 NY2d 1041, *rearg denied* 43 NY2d 835). In any event, since the appellants herein moved under Business Corporation Law § 1113 for an exercise of the court's equity powers and not for a preliminary injunction under CPLR 6301 we find no undertaking is required under the facts of this case. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.