■ In the Matter of ARNOLD OSMAN, Appellant. FRANK STERNBERG, Respondent, et al., Defendant. (Matter No. 1.) In the Matter of FRANK STERNBERG, Respondent. ARNOLD OSMAN, Appellant, et al., Respondent. (Matter No. 2.)—In two related matters on behalf of and relative to the dissolution of Long Island Paneling Centers, Inc., Arnold Osman appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated August 21, 1990, which denied his motion to compel the receiver of the corporation to continue to pay him $4,100 per week in accordance with two previous orders of the same court dated December 28, 1988, and February 10, 1989, respectively.

Ordered that the order is affirmed, with costs.

Upon being alerted by the court-appointed accountant that Long Island Paneling Centers, Inc., a corporation in dissolution, was being assessed for up to $1,900,000 in unpaid taxes, the court directed the receiver to suspend payment of the salaries of $4,100 per week of the two principals of the corporation, Arnold Osman and Frank Sternberg. When Arnold Osman moved, *inter alia,* to have his salary reinstated, the court denied his application.

The Supreme Court "is vested with inherent plenary power with original jurisdiction in law and equity [and] it is authorized to render such relief as may be necessary to protect the rights of any party [before it] (NY Const, art VI, § 7; Judiciary Law § 140-b)" *(Matter of Schwartzreich,* 136 AD2d 642, 643). In keeping with the court's various orders directing the temporary receiver to take all steps reasonably necessary to protect and preserve the assets of the corporation, the order appealed from directing the receiver temporarily to withhold the

weekly salaries of the appellant and his coprincipal Frank Sternberg "was in furtherance of the preservation of assets pending the dissolution [of the corporation]" *(Matter of Schwartzreich, supra,* at 643). Because the Supreme Court at bar had jurisdiction over Osman, Sternberg and Long Island Paneling Centers, Inc., which in turn had a controlling interest in various satellite stores, it had authority to direct the withholding by Long Island Paneling Centers, Inc., of the salaries payable to Osman and Sternberg, pending final determination of the magnitude of the corporation's tax debt.

We find no merit to the parties' remaining contentions. Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.