■ In the Matter of FRED GOODMAN, Respondent, v RON LOVETT, Appellant. [607 NYS2d 52] —In a proceeding seeking dissolution of Goodman Goodies, Inc., the appeal is from a judgment of the Supreme Court, Nassau County (Kutner, J.), dated September 25, 1991, which granted the application.

Ordered that the judgment is affirmed, with costs.

The appellant's contention that dissolution of a corporation cannot be ordered without a hearing is without merit. A hearing is only required where there is some contested issue determinative of the application. In the absence of such an issue, there is nothing in the nature of such a proceeding that distinguishes it from any other litigated proceeding in this respect *(see, Matter of Garay v Langer,* 37 AD2d 545, *affd* 30 NY2d 493).

Furthermore, while it is apparent that the dissension between the shareholders in this case is the result of a dispute over profit distribution, the underlying reason for the dissen-

sion is of no moment, nor is it at all relevant to ascribe fault to either party. Rather, the critical consideration is the fact that dissension exists and has resulted in a deadlock precluding the successful and profitable conduct of the corporation's affairs (see, Matter of Ronan Paint Corp., 98 AD2d 413, 422). The record amply demonstrates sufficient dissension among the parties to direct dissolution.

As noted by the Supreme Court, the shareholders do not dispute that they have not spoken with each other since October 31, 1990, when they had a disagreement over how corporate profits should be allocated. The record clearly demonstrates there are sufficient differences and animosity between the shareholders to prevent the continued efficient operation of the corporation. Therefore, under the circumstances, dissolution is the only viable alternative (see, Matter of Gordon & Weiss, 32 AD2d 279; Matter of Sheridan Constr. Corp. [Buyers], 22 AD2d 390, affd 16 NY2d 680). Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.