In the Matter of KENNETH W. KAUFMANN, Appellant. HENRY P. KAUFMANN, Respondent. [640 NYS2d 569]

The court properly concluded that there never existed an enforceable agreement between the petitioner and his brother, the respondent, to partition the company that they acquired from their late father (*see, Brause v Goldman,* 10 AD2d 328, 332, *affd* 9 NY2d 620; *see also, Brands v Urban,* 182 AD2d 287).

The court did not err in concluding that, under the circumstances, the petitioner failed to demonstrate that the dissension between him and the respondent has resulted in a deadlock precluding the successful and profitable conduct of the corporation's affairs (*see, Matter of Sternberg,* 181 AD2d 897; *Matter of Ronan Paint Corp.,* 98 AD2d 413, 422). In determining whether dissolution is in order, the issue is not who is at fault for a deadlock, but whether a deadlock exists (*see, Matter of Goodman v Lovett,* 200 AD2d 670; *Matter of Ronan Paint Corp., supra; Matter of Gordon & Weiss,* 32 AD2d 279, 280-281). Here, the petitioner did not show that the disagreements between him and the respondent posed an irreconcilable barrier to the continued functioning and prosperity of the corporation (*cf., Matter of Sheridan Constr. Corp.,* 22

AD2d 390, 391-392, *affd* 16 NY2d 680; *Matter of Ronan Paint Corp., supra,* at 421; *Matter of Pivot Punch & Die Corp.,* 15 Misc 2d 713, 717, *mod on other grounds* 9 AD2d 861). Similarly, the court properly found, upon renewal, that dissolution was not warranted by the events alleged by the petitioner to have occurred after the petition was filed.

The petitioner's contention that an evidentiary hearing was mandated by law is without merit. A hearing would have been required only if there were some contested issue determinative of the validity of the petitioner's application (*see, Matter of Goodman v Lovett, supra; Matter of Garay v Langer,* 37 AD2d 545, *affd* 30 NY2d 493; *Matter of Gordon & Weiss, supra*). Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.