■ In the Matter of the Dissolution of VALIDATION REVIEW ASSOCIATES, INC. MORDECAI A. BERKUN, Respondent-Appellant; DAVID SCHIMEL, Appellant-Respondent. [653 NYS2d 373] —In a proceeding pursuant to Business Corporation Law § 1104 to dissolve a corporation, (1) the minority shareholder David Schimel appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated May 31, 1995, as denied his cross motion for summary judgment dismissing the petition, and (2) the petitioner Mordecai Berkun cross appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was for summary judgment dissolving the corporation.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the petitioner's motion which was for summary judgment dissolving the corporation, and substituting therefor a provision granting summary judgment; as so modified, the order is affirmed insofar as appealed and cross appealed from, with one bill of costs to the petitioner.

The petitioner Mordecai Berkun and the nonparty respondent David Schimel formed the respondent corporation Validation Review Associates, Inc. (hereinafter VRA), to provide consulting services to health care providers concerning the accuracy and appropriateness of classifications relating to health care procedures and services. Berkun owned 60.32% and Schimel owned 39.68% of the voting stock. In December 1992 Berkun commenced this proceeding seeking dissolution of VRA on the ground of dissension and deadlock in its operation. Schimel submitted an answer in which he counterclaimed for reformation of the certificate of incorporation so as to include, *inter alia,* a provision of the shareholders' agreement requiring an affirmative vote of no less than 75% of the voting shares for all decisions. The apparent purpose of Schimel's attempt to add this supermajority provision was to prevent a decision by either party to dissolve the corporation pursuant to Business Corporation Law § 1104.

We find that the supermajority provision in the shareholders' agreement, even if otherwise valid, cannot be applied to a decision regarding dissolution of the corporation. Berkun has a statutory right to seek judicial dissolution of VRA *(see,* Business Corporation Law § 1104 [b]), and the cross motion for summary judgment dismissing the petition was properly denied *(see, Matter of Validation Review Assocs.,* 223 AD2d 134).

In determining whether a petition for dissolution should be granted, the issue is not who is at fault in creating a deadlock, but whether a deadlock exists *(see, Matter of Kaufmann,* 225 AD2d 775; *Matter of Goodman v Lovett,* 200 AD2d 670; *Matter of Ronan Paint Corp.,* 98 AD2d 413, 422). Whether the corporation can be operated at a profit is also not determinative *(see,* Business Corporation Law § 1111 [b] [3]; *Matter of Tavlin v Munsey Candlelight Corp.,* 69 AD2d 865). The record here clearly demonstrates that there are sufficient differences and animosity between the shareholders to prevent the continued efficient operation of the corporation. It is undisputed that the shareholders have fundamental differences in opinion regarding, *inter alia,* the expansion and direction of VRA's business, profit distribution, salary and bonus treatment of employees, and their respective roles in the operation of the business. Under these circumstances, the petitioner was entitled to summary judgment dissolving the corporation. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.