■ DAVID SCHIMEL, Respondent-Appellant, v MORDECAI BERKUN, Appellant-Respondent, et al., Defendants. [696 NYS2d 49] —In an action, *inter alia*, to recover damages for breach of a shareholders agreement, the defendant Mordecai Berkun appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated June 23, 1998, as granted the plaintiff's motion to vacate a prior order of the same court dated April 6, 1994, granting that branch of the defendants' motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a) (7) and 3212, to the extent of vacating the dismissal of the first, second, fourth, and fifth causes of action and reinstating those causes of action; and the

plaintiff cross-appeals from so much of the same order as denied that branch of his motion which was to vacate so much of the prior order as dismissed the third, sixth, seventh, and eighth causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, and the plaintiff's motion to vacate the order dated April 6, 1994, is denied in its entirety; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

In 1989 the plaintiff, David Schimel, and the defendant Mordecai Berkun formed Validation Review Associates, Inc. (hereinafter the corporation), to provide consulting services to health care providers. Berkun was issued 60.32% of the corporation's voting stock, and Schimel was issued 39.68% of the voting stock. At the time the corporation was formed, the parties executed a shareholders agreement which required an affirmative vote of 75% of the voting stock for all decisions. The parties further agreed not to petition any court for the judicial winding-up or dissolution of the corporation "whether in the event of an impasse with respect to the operations of the corporation or otherwise".

In December 1992 Berkun commenced a proceeding pursuant to Business Corporation Law § 1104 to dissolve the corporation upon the grounds of dissension and deadlock in its operation. Schimel then commenced this action to recover damages for breach of the shareholders agreement, fraud, and an alleged violation of the Federal Racketeer Influenced and Corrupt Organization Act (18 USC § 1961 *et seq.*). Four of the causes of action asserted by Schimel were predicated upon the theory that Berkun had breached the shareholders agreement by petitioning for judicial dissolution of the corporation.

Schimel moved to dismiss the dissolution proceeding upon the ground that it was barred by the anti-judicial dissolution provision of the shareholders agreement. In an order entered November 12, 1993, the Supreme Court denied the motion to dismiss the dissolution proceeding, concluding that the anti-judicial dissolution provision was void as against public policy. Berkun then moved in this action to dismiss the complaint for failure to state a cause of action. In an order dated April 6, 1994, the Supreme Court granted the motion to dismiss the action in its entirety. The Supreme Court concluded that in light of its determination that the anti-judicial dissolution provision was unenforceable, the four causes of action which sought dam-

ages for the breach of that provision failed to state a cause of action. The Supreme Court also found that Schimel's remaining causes of action were legally insufficient.

Schimel appealed from the order entered November 12, 1993, and in an opinion and order dated July 29, 1996, this Court affirmed the order, holding that the dissolution proceeding was not barred by the shareholders agreement because the anti-judicial dissolution provision was unenforceable as against public policy (*Matter of Validation Review Assocs.*, 223 AD2d 134). Berkun then moved in the dissolution proceeding, *inter alia*, for summary judgment dissolving the corporation. The Supreme Court denied that branch of his motion, but by decision and order dated February 10, 1997, this Court held that Berkun was entitled to summary judgment dissolving the corporation (*see, Matter of Validation Review Assocs.*, 236 AD2d 477).

This Court then granted Schimel leave to appeal to the Court of Appeals from the opinion and order dated July 29, 1996, and the Court of Appeals granted him leave to appeal from the decision and order dated February 10, 1997. At oral argument before the Court of Appeals, counsel for both parties indicated that the corporation was in dissolution and that a receiver had been appointed. In view of this development, the Court of Appeals concluded that any determination it might render in the dissolution proceeding would be academic, and it remitted the matter to the Supreme Court, Nassau County, "with directions to dismiss the proceeding as moot, thereby eliminating the grounds for the determinations heretofore made" (*Matter of Validation Review Assocs.*, 91 NY2d 840, 842). The Court of Appeals also answered the certified question in the negative, and reversed the orders of this Court.

Based upon the determination of the Court of Appeals in the dissolution proceeding, Schimel moved in this action to vacate the April 6, 1994, order of the Supreme Court which dismissed his complaint for failure to state a cause of action. Schimel sought relief pursuant to CPLR 5015 (a) (5), which permits a court which rendered an order to relieve a party from the order where there has been a "reversal, modification or vacatur of a prior judgment or order upon which it is based". The Supreme Court granted Schimel's motion to the extent of reinstating his first, second, fourth, and fifth causes of action, which seek damages for breach of the anti-judicial dissolution provision. The Supreme Court concluded that reinstatement of these claims was required because the Court of Appeals, by reversing this Court's orders, had, in effect, determined that the anti-judicial

dissolution provision was not violative of public policy and, therefore, was enforceable. We disagree.

By reversing this Court's orders in the dissolution proceeding and directing that the Supreme Court dismiss the dissolution proceeding as academic, the Court of Appeals essentially " 'erase[d] * * * [these] case[s] from the books' " so that they would not have precedential value (*Matter of Park E. Corp. v Whalen,* 43 NY2d 735, 736). Thus, our orders, which were predicated upon the rationale that the anti-judicial dissolution provision violates public policy, are no longer binding authority. However, since the Court of Appeals reversed upon the ground that the dissolution proceeding had become academic, the Court of Appeals never reached the merits of the substantive issues raised by the appeals. Under these circumstances, it cannot be said that the decision of the Court of Appeals removed the foundation for the Supreme Court's original determination that Schimel could not recover damages for breach of the anti-judicial dissolution provision, because this provision is unenforceable (*see, Springer v Clark Publ. Co.,* 191 AD2d 922; *see also, Matter of Jericho Union Free School Dist. No. 15 v Board of Assessors,* 131 AD2d 482, 483). Moreover, we find that the reasoning expressed in our prior decisions and orders remains persuasive authority, and we adhere to our rationale that a provision in a shareholders agreement which purports to prohibit judicial dissolution of a corporation violates public policy as expressed by the Legislature and under the common law (*see, Matter of Validation Review Assocs.,* 223 AD2d 134, 137, *supra*). Accordingly, we find that reinstatement of the four causes of action which seek damages for breach of the anti-judicial dissolution provision is not warranted pursuant to CPLR 5015 (a) (5).

We further note that CPLR 5015 (a) (5) does not provide a basis for reinstatement of the remaining causes of action in Schimel's complaint, which are unrelated to the anti-judicial dissolution provision. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.