In the Matter of DREAM WEAVER REALTY, INC., Appellant. HERMAN I. PORITZKY, Petitioner-Respondent; STEPHEN T. DE-NAME, Respondent-Appellant. [895 NYS2d 476]—

In a proceeding pursuant to Business Corporation Law § 1104 for the judicial dissolution of a closely-held corporation, the appeal is from (1) an order of the Supreme Court, Westchester County (Rudolph, J.), entered April 23, 2009, which, without a

hearing, inter alia, granted the petition, and (2) an order of the same court, also entered April 23, 2009, which denied, as academic, the motion of Stephen T. DeName to disqualify Kenneth Gunshor as the attorney for the petitioner in this proceeding.

Ordered that the first order entered April 23, 2009, is affirmed; and it is further,

Ordered that the second order entered April 23, 2009, is modified, on the law, by deleting the provision thereof denying, as academic, the motion of Stephen T. DeName to disqualify Kenneth Gunshor as the attorney for the petitioner in this proceeding and substituting therefor a provision denying the motion on the merits; as so modified, the second order entered April 23, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The petitioner is a 50% shareholder of a closely-held corporation known as Dream Weaver Realty, Inc. (hereinafter the corporation). Stephen T. DeName also holds a 50% share in the corporation. The petitioner commenced this proceeding pursuant to Business Corporation Law § 1104 (a) for the judicial dissolution of the corporation.

The Supreme Court properly granted the petition for judicial dissolution. The evidence before the court demonstrated that the dissension between the two shareholders "posed an irreconcilable barrier to the continued functioning and prosperity of the corporation" (*Matter of Kaufmann*, 225 AD2d 775, 775 [1996]). "In determining whether dissolution is in order, the issue is not who is at fault for a deadlock, but whether a deadlock exists" (*id.*). "[T]he underlying reason for the dissension is of no moment, nor is it at all relevant to ascribe fault to either party. Rather, the critical consideration is the fact that dissension exists and has resulted in a deadlock precluding the successful and profitable conduct of the corporation's affairs" (*Matter of Goodman v Lovett*, 200 AD2d 670, 670-671 [1994]). Here, the record amply demonstrates sufficient dissension among the parties, resulting in a deadlock, so as to warrant dissolution (*see Matter of Neville v Martin*, 29 AD3d 444, 444-445 [2006]; *Matter of Goodman v Lovett*, 200 AD2d at 670-671; *Matter of Sheridan Constr. Corp.*, 22 AD2d 390, 391-392 [1965]).

Moreover, "[a] hearing is only required where there is some contested issue determinative of the application" (*Matter of Goodman v Lovett*, 200 AD2d at 670; *see Matter of Kaufmann*, 225 AD2d at 776). Here, the court properly granted the petition without a hearing, as there was no genuine dispute as to the existence of deadlock and dissension (*see Matter of Neville v Martin*, 29 AD3d at 445; *Matter of Goodman v Lovett*, 200 AD2d at 670; *cf. Matter of Kaufmann*, 225 AD2d at 776).

The Supreme Court improperly determined the merits of the petition prior to considering DeName's motion to disqualify the petitioner's attorney. Accordingly, the Supreme Court should have determined the motion on the merits rather than denying it as academic. "A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (*Aryeh v Aryeh*, 14 AD3d 634, 634 [2005]). "Disqualification of a party's chosen counsel . . . is a severe remedy which should only be done in cases where counsel's conduct will probably 'taint the underlying trial' " (*Mancheski v Gabelli Group Capital Partners, Inc.*, 22 AD3d 532, 534 [2005], quoting *Morin v Trupin,* 728 F Supp 952, 957 [1989]). "Therefore, '[a] party seeking to disqualify an attorney or a law firm, must establish (1) the existence of a prior attorney-client relationship and (2) that the former and current representations are both adverse and *substantially related*' " (*Mancheski v Gabelli Group Capital Partners, Inc.*, 22 AD3d at 534, quoting *Solow v Grace & Co.,* 83 NY2d 303, 308 [1994]). Since DeName failed to make the requisite showing in this regard, the Supreme Court should have denied his motion to disqualify the petitioner's attorney on the merits. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.