Matter of ANO, Inc. v Goldberg (2018 NY Slip Op 08476)





Matter of ANO, Inc. v Goldberg


2018 NY Slip Op 08476


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-02289
 (Index No. 601079/15)

[*1]In the Matter of ANO, Inc., etc., respondent,
v
Oded Goldberg, et al., appellants.


Ruskin Moscou Faltischek, P.C., Uniondale, NY (Douglas J. Good and Adam L. Browser of counsel), for appellants.
Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Business Corporation Law § 1104 for the judicial dissolution of a closely held corporation, Oded Goldberg, Goldberg Commodities, Inc., Rosalie Moore, and Candlewood Holdings, Inc., appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered February 4, 2016. The order, inter alia, (1) granted the petition for dissolution, (2) granted the petitioner's motion for a preliminary injunction to the extent of restraining the shareholders of Candlewood Holdings, Inc., from conducting a meeting of the shareholders or directors of Candlewood Holdings, Inc., for the purpose of taking any action with respect to, among others, nonparty Valle Auto Mall, Inc., pending resolution of the instant proceeding, and (3) denied the cross motion of Rosalie Moore and Candlewood Holdings, Inc., to dismiss the petition.
ORDERED that the order is affirmed, with costs.
Arieh Yemini is a 50% shareholder of the petitioner, a closely held corporation known as ANO, Inc. (hereinafter ANO). Goldberg Commodities, Inc. (hereinafter Goldberg Commodities), which is wholly owned by Oded Goldberg, also holds a 50% share in ANO. ANO's primary asset is its two-thirds ownership interest in a company known as Candlewood Holdings, Inc. (hereinafter Candlewood). Rosalie Moore holds the remaining one third of the shares of Candlewood. Yemini, as a 50% shareholder, commenced this proceeding on behalf of ANO pursuant to Business Corporation Law § 1104 for the judicial dissolution of ANO.
We agree with the Supreme Court's determination granting the petition for judicial dissolution. The evidence before the court demonstrated that the dissension between the two shareholders "posed an irreconcilable barrier to the continued functioning and prosperity of the corporation" (Matter of Kaufmann, 225 AD2d 775, 775; see Matter of Dream Weaver Realty, Inc. [Poritzky—DeName], 70 AD3d 941, 942). "In determining whether dissolution is in order, the issue is not who is at fault for a deadlock, but whether a deadlock exists" (Matter of Kaufmann, 225 AD2d at 775). "[T]he underlying reason for the dissension is of no moment, nor is it at all relevant to ascribe fault to either party. Rather, the critical consideration is the fact that dissension exists and has resulted in a deadlock precluding the successful and profitable conduct of the corporation's affairs" (Matter of Goodman v Lovett, 200 AD2d 670, 670-671). Here, the record amply [*2]demonstrates sufficient dissension among the parties, resulting in a deadlock, so as to warrant dissolution (see Matter of Dream Weaver Realty, Inc. [Poritzky—DeName], 70 AD3d at 942; Matter of Neville v Martin, 29 AD3d 444, 444—445; Matter of Goodman v Lovett, 200 AD2d at 670-671; Matter of Sheridan Constr. Corp., 22 AD2d 390, 391-392, affd 16 NY2d 680).
The Supreme Court providently exercised its discretion in not providing for the distribution of the property of ANO upon dissolution under the instant circumstances (see Business Corporation Law § 1111[c]).
Moreover, we agree with the Supreme Court's determination denying the cross motion of Moore and Candlewood (hereinafter together the cross movants; hereinafter collectively with Goldberg and Goldberg Commodities the appellants), to dismiss the petition insofar as asserted against them. In the petition, Yemini sought purely injunctive relief against the cross movants in order to preserve the status quo with respect to ANO's voting rights as a two-thirds owner of Candlewood. "As the Supreme Court is vested with inherent plenary power with original jurisdiction in law and equity, it is authorized to render such relief as may be necessary to protect the rights of any party (NY Const, art VI, § 7; Judiciary Law § 140-b)" (Matter of Schwartzreich [Bahar], 136 AD2d 642, 643). Accordingly, we agree with the court's determination granting the relief requested to protect the rights of ANO as a majority shareholder in Candlewood, which is ANO's only substantial asset (see Osman v Sternberg, 181 AD2d 868, 868-869; Matter of Schwartzreich, 136 AD2d at 643).
The appellants' remaining contention is without merit.
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court