Matter of Brady v Brady (2021 NY Slip Op 02705)





Matter of Brady v Brady


2021 NY Slip Op 02705


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


1254 CA 19-01847

[*1]IN THE MATTER OF BRANDON M. BRADY, PETITIONER-RESPONDENT,
v
MYRON O. BRADY AND MYRON C. BRADY, RESPONDENTS-APPELLANTS. (APPEAL NO. 1.) 






DIBBLE & MILLER, P.C., ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
BOND SCHOENECK & KING PLLC, ROCHESTER (JOSEPH S. NACCA OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Livingston County (Matthew A. Rosenbaum, J.), entered October 3, 2019. The order, inter alia, granted petitioner's application for dissolution of Brady Farms, Inc. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-plaintiff Brandon M. Brady (petitioner), individually and derivatively as a shareholder of Brady Farms, Inc., commenced an action based on, inter alia, allegations that respondents-defendants Myron O. Brady and Myron C. Brady (respondents) breached their respective fiduciary duties to defendant Brady Farms, Inc. (company). Soon thereafter, petitioner commenced a special proceeding pursuant to Business Corporation Law § 1104-a against respondents for the judicial dissolution of the company. In appeal No. 1, respondents appeal from an order in the special proceeding that granted petitioner's application for dissolution and appointed a temporary receiver. In appeal No. 2, respondents appeal from an order in the action that, inter alia, granted petitioner's motion for the appointment of a temporary receiver. We affirm.
In appeal No. 1, we reject respondents' contention that Supreme Court abused its discretion in granting the application for dissolution of the company (see generally Matter of Kemp & Beatley [Gardstein], 64 NY2d 63, 73-74 [1984]; Matter of Inzer v West Brighton Fire Dept., Inc., 173 AD3d 1826, 1827 [4th Dept 2019], lv denied 35 NY3d 903 [2020]). The record does not include a request from respondents for an evidentiary hearing and, on appeal, respondents concede that they failed to make such a request. Consequently, respondents' contention that the court abused its discretion in ordering dissolution summarily, without a hearing, is unpreserved (see Matter of Clever Innovations, Inc. [Dooley], 94 AD3d 1174, 1176-1177 [3d Dept 2012]; Matter of Quail Aero Serv., 300 AD2d 800, 803 [3d Dept 2002]; see also Seligson v Russo, 16 AD3d 253, 253 [1st Dept 2005], lv denied 5 NY3d 706 [2005]). In any event, a hearing was not warranted (see generally Matter of Goodman v Lovett, 200 AD2d 670, 670 [2d Dept 1994], lv denied 84 NY2d 850 [1994]; Matter of Garay v Langer, 37 AD2d 545, 545 [1st Dept 1971]). Contrary to respondents' contention, even if there is a disputed issue of fact with respect to the extent of petitioner's ownership interest in the company, there was no need to resolve that issue at a hearing prior to determining whether dissolution is appropriate. Respondents do not dispute that petitioner is a shareholder and that he owns at least a 20% interest in the company, which is the requisite ownership interest needed to have standing to commence the proceeding in appeal No. 1 pursuant to Business Corporation Law § 1104-a (see Matter of Twin Bay Vil., Inc., 153 AD3d 998, 1000 [3d Dept 2017], lv denied 31 NY3d 902 [*2][2018]). Contrary to respondents' related contention, we conclude that the court properly determined on the record before it that dissolution was required inasmuch as respondents engaged in "oppressive actions toward the complaining shareholder[]," i.e., petitioner (§ 1104-a [a] [1]).
In appeal Nos. 1 and 2, we reject respondents' contention that the court abused its discretion in granting petitioner's requests to appoint a temporary receiver (see Business Corporation Law § 1113; CPLR 6401; see generally Suissa v Baron, 107 AD3d 689, 689 [2d Dept 2013]; Silvestri v Ferrara, 270 AD2d 19, 19 [1st Dept 2000], lv dismissed 95 NY2d 825 [2000]; Rosan v Vassell, 257 AD2d 436, 437 [1st Dept 1999]).
Finally, we have reviewed the remaining contentions of respondents and conclude that none warrants reversal or modification of the orders in appeal Nos. 1 or 2.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court