In the Matter of SUPERB DIAMOND CUTTING CORPORATION.
ANNIE LANDAU et al., Petitioners; SIDNEY LANDAU et al., Respondents.

Supreme Court, Special Term, New York County, November 8, 1944.

*David W. Kahn* for petitioners.

*Jay L. Rothschild* for respondents.

PECK, J. Petitioners are the owners of half the voting stock, and respondents are the owners of the other half, in this family corporation. The board of directors, elected in 1936 and held over in the absence of annual elections, consists of the two respondents and one of the petitioners. The business, which has for years been prosperous, is now in jeopardy because of a lamentable discord between the parties, as evidenced by the charges and countercharges in which the papers before the court abound.

Petitioners commenced this proceeding for dissolution of the corporation, under section 103 of the General Corporation Law, upon the ground that the votes of the stockholders are so divided that they cannot elect a board of directors, and the court at Special Term signed an order directing all interested parties to show cause before a referee why the corporation should not be dissolved. Respondents countered with a notice for a special meeting of the board of directors to adopt resolutions rescinding existing resolutions, by which petitioner Frances Landau and respondent Sidney Landau have equal access to the safe-deposit box in which the corporation's valuable diamond stock is kept and must both sign checks of the corporation, and giving access to the safe-deposit box to Sidney Landau alone and permitting the signing of checks by respondents alone.

Petitioners now move for an order enjoining the respondents from holding the proposed meeting of the board of directors and from adopting the proposed resolutions, pending the determination of the dissolution proceedings. Respondents make a cross motion to vacate the order of Special Term initiating the dissolution proceedings, upon the ground that the petition upon which said order was made fails to evidence the jurisdictional requirements of the General Corporation Law, section 103, in that it does not appear that the stockholders " cannot elect a board of directors."

The cross motion will be considered first, because if the dissolution proceeding is not properly brought there is no basis for petitioners' motion. While petitioners' moving papers charge a threat to despoil the business, judicial intervention in the management of the business would not be warranted on the papers except as an incident and protection of the dissolution proceedings, in which the motion is made.

The question as to the validity of the dissolution proceedings is whether petitioners have made a showing that the votes of the stockholders are so divided that they cannot elect a board of directors merely by a showing that the stockholders are evenly divided and in disagreement as to the conduct of the business, but without any showing of an attempt to elect a board of directors. The annual meeting for the election of directors will not be held until January, 1945, and there has been no attempt, under section 22 of the General Corporation Law or otherwise, to elect directors. Petitioners rest upon the alleged futility of such an attempt because of the division which exists between the stockholders.

What is the condition contemplated by the statute, under which the corporate life may be terminated? It is nothing less than the inability of the corporation to function because of a paralyzing failure of management. That is manifest from the text and history of the statute. Prior to its amendment in 1944, section 103 permitted a dissolution only upon a showing of " an even number of directors who are equally divided respecting the management of its affairs ". The amendment of 1944 added a second ground for dissolution, namely, " if the votes of its stockholders are so divided that they cannot elect a board of directors ". While the statute was thus broadened, its purpose was not changed.

It is still aimed at an actual, existing, managerial incapacity, due either to an equal division and disagreement in the management, meaning the directors, or due to an absence of management because of an inability to elect directors. The petition here is insufficient, in the absence of a showing of an equal division among the directors or of an occasion and attempt to elect directors accompanied by a failure to do so. As the situation exists, there is no failure or stalemate of management. There is a division and disagreement among the directors but it is neither an equal division nor a paralyzing disagreement. Indeed, the motion of petitioners for an injunction is based upon the threat and ability of a majority of the directors to agree upon and carry out a management program displeasing to petitioners.

There is no authority in the statute for the court's staying a functioning management and entertaining a dissolution proceeding in anticipation of a future development. To be sure, when January comes and a new board of directors is to be elected, there may be an impasse justifying and necessitating a petition for dissolution. That situation might also have been created had petitioners taken steps under section 22 of the General Corporation Law to have a special election of directors, but failing that, there has been no occasion or attempt to elect directors and the condition contemplated by the statute does not exist. The statute contemplates neither a declaratory judgment nor anticipatory relief, nor does it countenance a petition for dissolution based upon an equal division of stockholders upon any point except a demonstrated inability to elect directors.

The court is not entitled to assume or guess what the condition or outcome may be when a meeting of stockholders is held for the election of directors. It cannot be said that the existing disagreement will continue or is inevitable, or that the holding of

a meeting in due course to elect directors will be futile. It is certainly to be hoped, on the other hand, that this family will find within themselves the spirit and ability to heal their breach and get along together.

As it is, management exists which is responsible to the corporation and the stockholders for the conduct of the business and for the faithful discharge of the duties of directors. The court would not be warranted in entertaining dissolution proceedings at this time or under these conditions.

Petitioners' motion for an injunction is denied and respondents' motion to vacate the order of Special Term made in the dissolution proceedings is granted.