Vincent A. Lupiano, J.
This is a proceeding for the voluntary dissolution of the subject corporation. The applicable part of section 103 of the General Corporation Law is as follows: ‘ ‘ Unless otherwise provided in the certificate of incorporation, if a corporation has an even number of directors who are equally divided respecting the management of its affairs, or if the votes of its stockholders are so divided that they cannot elect a board of directors, the holders of one-half of the stock entitled to vote at an election of directors may present a verified petition for dissolution of the corporation as prescribed in this article. ’ ’
Petitioner and respondent each own 50% of the stock in Milton Point Realty Co., Inc., hereinafter called “ milton point”; petitioner and respondent likewise each own 50% of the stock of Marble Hall Women’s Club, Inc., hereinafter called *278 ‘‘ marble hall.” Milton Point is a real estate corporation owning 7.323 acres of water-front property in Eye, New York. Marble Hall rents a portion of this real property and pays rent to Milton Point, the principal source of income of the latter corporation.
Petitioner was the president and manager of Marble Hall for 12 years, until 1957, but was ousted from said managership during that year by its board of directors. During that period, Marble Hall operated at a profit. Eespondent was placed in charge of Marble Hall in 1957 and the operation of said corporation has since become unprofitable.
Eespondent avers that, in 1957, he loaned Milton Point the sum of $100,000. This loan, apparently, places Milton Point in a position of insolvency or within such possibility if payment is demanded. The nature and purpose of the indebtedness is not clearly explained, nor is the necessity therefor convincingly stated.
The present board of directors was elected in 1945 and its members holdover. A special meeting of Milton Point stockholders, pursuant to section 22 of the General Corporation Law, was held on February 18, 1958; they failed to elect a new board of directors because of the deadlock which ensued.
Present herein are numerous accusations and counter-accusations, but the material facts are that the two equal stockholders disagree, distrust each other and there is a stalemate as to the election of a new board of directors. Such disagreement as to management and operation of the corporation and other pertinent circumstances, persuade me, on this showing, that dissolution would be beneficial to the stockholders and noninjurious to the public.
The Court of Appeals in the Matter of Radom & Neidorff (307 N. Y. 1) sustained the dismissal of the petition by the Appellate Division (282 App. Div. 854) pointing out, among other things, that the corporation’s activities had not been paralyzed, that its profits had increased and its assets trebled during the pendency of the proceeding, that the failure of petitioner to receive his salary did not frustrate the corporation’s business and was remedial by means other than dissolution. The dismissal of the proceedings was granted but “ ‘without prejudice, however, to the bringing of another proceeding should deadlock in fact arise in the selection of a board of directors, at a meeting of stockholders to be duly called or if other deadlock should occur threatening impairment or in fact impairing the economic *279 operations of the corporation’ ” (p. 7). (Emphasis supplied.) Here apparently, there was no meeting of the stockholders in which a deadlock arose as to the election of a new board of directors; and the corporate operation was patently profitable.
In the Matter of Superb Diamond Cutting Corp. (183 Misc. 876, 878) this language is apropos: “ The petition here is insufficient, in the absence of a showing of an equal division among the directors or of an occasion and attempt to elect directors accompanied by a failure to do so. * * * To be sure, when Jaimary comes and a new board of directors is to be electedr there may be an impasse justifying and necessitating a petition for dissolution. That situation might also have been created had petitioners taken steps under section 22 of the General Corporation Law to have a special election of directors, but failing that, there has been no occasion or attempt to elect directors and the condition contemplated by the statute does not exist.” (Emphasis supplied.)
In the Matter of Seamerlin Operating Co. (Searing-Merlino) (307 N. Y. 407) urged by the respondent, a dissolution was disallowed after a hearing before a Referee appointed by the court. Finally, the respondent’s point that the holdover board may continue and thusly take the case out of the scope of statute authorizing dissolution of a corporation on showing that the stockholders’ votes are so divided that they cannot elect a new board of directors is untenable here (see Matter of Williamson, 85 N. Y. S. 2d 93).
All in all, there is enough, for present purpose, showing that:
1. The votes of the stockholders are so divided that they cannot elect a board of directors and were unable so to do at a stockholders ’ meeting.
2. Dissolution would be noninjurious to the public
3. Dissolution would be beneficial to the shareholders.
4. The operation of the corporation is not profitable.
For the reasons stated above, the proceeding should be entertained and a hearing directed on the petition. The motion is therefore granted to the extent of ordering a hearing before a Referee requiring all persons interested to show cause why the corporation should not be dissolved, pursuant to article 9 of the General Corporation Law. Pending such report, the final determination herein is held in abeyance.
Settle order.