In the Matter of the Dissolution of GORDON & WEISS, INC. ANDREW M. WEISS et al., Respondents; JEROME H. GORDON, Appellant.

First Department, July 1, 1969.

*Arthur S. Friedman* of counsel (*Tanner & Friedman,* attorneys), for appellant.

*Donald Zimmerman* of counsel (*Finley, Kumble, Underberg, Persky & Roth,* attorneys), for respondents.

STEUER, J. This is a proceeding by one of the two stockholders of a close corporation for the dissolution of the corporation.* The parties were equal shareholders and both had equal representation on the board of directors. The corporation was in the advertising business. Since its incorporation in 1963 it has prospered to a reasonable extent and is still earning some profits.

Taking the affidavits in opposition at face value, the following facts appear: Since 1967 the petitioner has been trying to get the respondent out of the business. At first the method adopted was an offer to purchase the respondent's interest at a price deemed to be grossly inadequate. This was followed by sundry illegal measures designed to coerce respondent into acceptance. Several lawsuits resulted from these activities. When petitioner was thwarted in these efforts, this proceeding was initiated.

Special Term, upon finding that there was no issue of fact, ordered dissolution of the corporation, appointed a receiver for the business, and directed the receiver to formulate a plan for the distribution of the corporate assets.

The first objection to the order is that no dissolution can be ordered in any event without a hearing. The statutory proceeding for a dissolution (Business Corporation Law, § 1104 *et seq.*) does provide for a hearing but this provision is not jurisdictional. It could not be maintained that a dissolution otherwise properly granted was a nullity because there was no hearing. A hearing is only required where there is some contested issue determinative of the validity of the application (semble *Matter of Whitehall Art Co.*, 6 A D 2d 399, 400). Absent such an issue there is nothing in the nature of the proceeding that distinguishes it from any other litigated proceeding in this respect.

Appellant further contends that there is such an issue, namely, the good faith of the petitioner. His claim in this respect is that dissolution is sought to squeeze him out of the business for an inadequate consideration. While his averments do show that petitioner had embarked on a course of conduct which did have that end in view, the institution of this proceeding precludes it. Whatever respondent's share of the business is, he will get it. Instead of forcing respondent to accept an inadequate consideration for his share of the business, petitioner now applies to the court to make the distribution.

However, this is not the complete answer to appellant's contention in regard to good faith. He contends that the real rea-

---

* There is a third shareholder, who apparently owns 10 shares but concededly has no right to vote, and both parties appear to regard his position as purely nominal. The purpose and circumstances of his stock ownership do not appear.

son why petitioner seeks a dissolution is that he does not wish to continue in business with respondent. If this constitutes bad faith, he has undoubtedly raised an issue.

We do not believe it does. This is a service corporation. The services for the clients are performed by the two parties to this proceeding. It is not disputed that they are not working together. The board of directors admittedly does not function because there is either a deadlock or by purposeful absence a quorum cannot meet. No significant corporate action is possible. There has been a consequent decrease in profits and loss of personnel. Regardless of which of the parties is ultimately responsible, that is the situation.

In the instance of the close corporation, both the Legislature and the courts have come closer to treating the situation as it exists in fact rather than in theory. The enactment of subdivision (3) of section 1111, providing that in cases of deadlock among directors and shareholders dissolution should not " be denied merely because it is found that the corporate business has been or could be conducted at a profit " reflects that change. The earlier thinking stressed the distinction between the corporation as an entity and the shareholders, and as long as the former could continue to function profitably the relationship between the shareholders was of no moment (cf. *Matter of Radom & Neidorff*, 307 N. Y. 1). It is being increasingly realized that the relationship between the stockholders in a close corporation vis-à-vis each other in practice closely approximates the relationship between partners (see *Matter of Surchin* v. *Approved Business Mach.*, 55 Misc 2d 888, 890). As a consequence, when a point is reached where the shareholders who are actively conducting the business of the corporation cannot agree, it becomes in the best interests of those shareholders to order a dissolution (*Matter of Pivot Punch & Die Corp.*, 15 Misc 2d 713; *Matter of Whitehall Art Co.*, 6 A D 2d 399, *supra*; *Matter of Milton Point Realty Co.*, 13 Misc 2d 277; Prunty, Business Associations, 34 N.Y.U. L. Rev. 1425, 1433). The so-called issue here presented is not whether this condition exists but rather why it exists. That being of no relevance, there is no issue.

As noted, the order provides that the receiver is charged with the duty of formulating a plan of dissolution and distribution of assets, which plan shall be subject to the final approval of the court. We deem this to be a proper application of subdivision (c) of section 1111 of the Business Corporation Law. While the statute does not specifically so provide, the application for approval should be on notice to all parties with a suitable oppor-

tunity to be heard. Further, the plan should be submitted as promptly as feasible.

The order of April 29, 1969 should be modified on the law to provide that the application for approval by the court so directed in the 10th ordering paragraph of the order be upon notice to all parties with an opportunity to be heard, and, so as ordered, affirmed without costs.

McGIVERN, J. (dissenting). On the most basic grounds, I disagree with the majority. We are dealing with a statutory proceeding, principally involving sections 1104 and 1109 of the Business Corporation Law. Pursuant to these sections, the court may entertain the petition or dismiss it. It can do no other. See, *Matter of Radom & Neidorff* (307 N. Y. 1) particularly the analysis of predecessor statutes contained in the dissenting opinion of then Judge, now Chief Judge FULD. In contravention of the statutes, in the instant case, a judicial thunderbolt has sundered the corporation. I can find no case in the Court of Appeals or in any Appellate Division that would sanction such sudden and unprovided for death without a preliminary hearing. The statute, section 1109, does not permit it. A hearing is mandated. (20 Carmody-Wait 2d, New York Practice, § 121:280; *Matter of Whitehall Art Co.,* 6 A D 2d 399; *Matter of Venice Amusement Corp.,* 14 A D 2d 742.) In the latter case this court, reversed an order entertaining a petition for dissolution under then section 103 of the General Corporation Law, in view of the fact that on the argument of the appeal it appeared the parties had apparently agreed that the corporation be sold as a going business, for which reason it remanded the matter to Special Term for reconsideration. But, in so disposing of the matter, it gave clear recognition of the statutory mandate requiring a hearing. It said: "In the event that upon such reconsideration the court determines a *statutory* hearing to be in order, such hearing should be held before the court rather than a Referee " (emphasis supplied). And indeed, upon the breakdown of the apparent agreement Special Term, upon reconsideration, vacated a stipulation pursuant to which "the parties waived the hearing required by Sections 106 and 113 of the General Corporation Law as a prerequisite to the sale of the assets and the dissolution of the corporation" and, after noting the foregoing decision of this court, directed "that the statutory hearing take place before the Court on proper notice." (*Matter of Venice Amusement Corp.,* 235 N. Y. S. 2d 54, 55, 56.) Thus, both Special Term and the majority herein are out of line with all the recorded precedents on this point. (*Matter of Seamerlin Operating Co. [Searing-Merlino],* 307

N. Y. 407; *Matter of Radom & Neidorff, supra*; *Matter of Venice Amusement Corp., supra*; *Matter of Cantelmo [Brewer]*, 275 App. Div. 231; *Matter of Clemente Bros*, 19 A D 2d 568.)

In my judgment, the respondent herein has showed more than enough to command a hearing and an opportunity to present his proof, particularly regarding his claim that petitioner, in bad faith, is attempting to squeeze him out of a profitable venture without fair compensation. We cannot ignore the contention that petitioner's own accountant evaluated the enterprise as having a book value alone of approximately $300,000, less only some undetermined amount which would be required for payment of income taxes, yet petitioner's apparently best offer to the respondent is $60,000. This, notwithstanding the alleged suggestion by petitioner's attorney that respondent be offered a $250,000 '' package ''. Again, according to the cases, unless the petitioner acts in good faith, or if his bald purpose is to squeeze out his erstwhile partner without fair compensation, the courts will turn him back. (*Matter of Seamerlin Operating Co. [Searing-Merlino], supra*; *Matter of Clemente Bros, supra*; *Matter of Cantelmo [Brewer], supra.*)

This petitioner has already been rejected thrice by various Special Terms, the last time in an opinion that explicitly impugned his good faith. In the first instance, Special Term (Mr. Justice FLYNN) nullified a board of directors meeting convoked by petitioner, directed a restoration of funds improperly diverted, and made permanent a restraint against petitioner and others, preventing them from interference with respondent's rights and privileges. In the second instance, Special Term (Mr. Justice GELLER) enjoined petitioner and one Aczel from any attempts to vote the nonvoting stock of the latter. In the third instance, Special Term (Mr. Justice SPECTOR) dismissed an action ostensibly brought by Aczel, as nominal plaintiff but apparently inspired by petitioner, to compel respondent to attend a specially noticed directors' meeting, one of whose purposes was to consider the removal of respondent and reduction of the quorum required for meetings. Although the dismissal of the latter proceeding against respondent was on the ground he had not been validly served, the court also observed '' serious doubts are raised with respect to the bona fides of plaintiff's application.''

Accordingly, in my view, the granting of an order of dissolution without the holding of the required statutory hearing was erroneous, as was the appointment of a receiver, which was premature and unwarranted. (*Matter of Whitehall Art Co.,* 6 A D 2d 399, *supra.*) I would reverse the order appealed from

and remand the matter for a hearing, pursuant to the provisions of section 1109 of the Business Corporation Law.

STEVENS, P. J., EAGER and McNALLY, JJ., concur with STEUER, J.; McGIVERN, J., dissents in opinion.

Order entered on April 30, 1969, modified on the law to provide that the application for approval by the court so directed in the 10th ordering paragraph of the order be upon notice to all parties with an opportunity to be heard, and, as so ordered, affirmed, without costs and without disbursements.