In the Matter of the Dissolution of CUNNINGHAM & KAMING, P. C. PATRICK J. CUNNINGHAM, as Holder of One Half of All Outstanding Shares Entitled to Vote in an Election of Directors, Respondent; CUNNINGHAM & KAMING, P. C., et al., Appellants.—Order, Supreme Court, New York County, entered January 4, 1980, dissolving respondent corporation, referring the accounting to a Referee to hear and report, denying the cross motion to vacate the order to show cause dated March 26, 1979, denying the cross motion to dismiss, granting the cross motion to vacate in part the stay of removal of business records and client files so as to permit compliance with Federal Grand Jury subpoena and denying the cross motion to disqualify petitioner's attorneys, unanimously affirmed, without costs. This is an appeal from denial of a cross motion to dismiss. The petition seeks dissolution, under subdivision (a) of section 1104 of the Business Corporation Law, of a two-man professional corporation, respondent Cunningham & Kaming, P. C., engaged in the practice of law. Owner of half the firm, petitioner

withdrew with one associate (Krieg) in September, 1978 to form a new firm, Sweeney, Cunningham & Krieg, P. C. Formal judicial dissolution was sought by an order to show cause signed in January, 1979, but this order was never published or served. In March, 1979, Special Term denied the application with leave to renew upon compliance with the provisions for service contained in the show cause order. Shortly thereafter, petitioner was served with a Federal Grand Jury subpoena for records of respondent firm. Later in March, petitioner procured a new order to show cause, virtually identical with the earlier order except that this one contained a prohibition against removal of any records or client files by the firm's officers or directors. Although the petition in support of the January show cause order contained a statement that no prior application had been made for such relief, no such statement appeared in the petition in support of the March show cause order. Respondent cross-moved (1) to modify the March show cause order to vacate the stay so as to permit compliance with the Federal Grand Jury subpoena, (2) to dismiss the proceeding, and (3) to disqualify petitioner's counsel (petitioner's new law firm) for conflict of interest. Special Term vacated the stay in April, 1979. In October, 1979, without issue having been joined, Special Term denied the balance of the cross motion, granted the petition for dissolution, declared the corporation dissolved and referred "the accounting associated with the dissolution of Cunningham & Kaming, P.C." to Trial Term for "assignment to hear and report together with recommendations". It is clear from the record that there are such differences and animosity between the two principals, Messrs. Cunningham and Kaming, as to present an irreconcilable barrier to the continued functioning of this corporation under efficient management. Plainly, no law practice can continue under the circumstances revealed. Respondent's papers fail to refute the existence of this impasse, notwithstanding his call for a showing of the "details" of the division between the parties. Under the circumstances, dissolution is the only viable alternative (Matter of Gordon & Weiss, 32 AD2d 279; Matter of Sheridan Constr. Corp., 22 AD2d 390, affd 16 NY2d 680). The "details" of the division are subject to proof upon the accounting. The only issue is the terms of the dissolution, not whether there should be a dissolution. There is no basis for respondent's insistence on his right to answer the petition, now that his cross motion to dismiss has been denied. Having unsuccessfully raised an objection to the petition in point of law by cross motion, respondent has no absolute right to answer. An answer will serve no useful purpose (Matter of Dodge, 25 NY2d 273, 286-287) in the face of the clear demonstration that the "object of [the] corporate existence cannot be attained" (Matter of Trustees of Importers & Grocers' Exch. of N. Y., 132 NY 212, 221). Leave to answer is a matter within the sound discretion of the court at Special Term (CPLR 404, subd [a]; Matter of Dodge, supra, p 286). Respondent's reasons for seeking dismissal premised upon petitioner's failure to comply with procedural requirements do not warrant such drastic relief. Whatever the reasons for petitioner's failure to publish and serve the January order to show cause in accordance with subdivisions (b) and (c) of section 1106 of the Business Corporation Law, the consequence was that the court acquired no jurisdiction and respondent was not prejudiced. Of more moment was petitioner's failure, in the application for the March order to show cause, to inform the court of (1) the existence of the Federal Grand Jury subpoena, and (2) the prior application for an order to show cause and its disposition, contrary to CPLR 2217 (subd [b]). However, the sanction of dismissing the proceeding or vacating the ex parte order for such procedural irregularity was entirely within the discretion of

Special Term (2A Weinstein-Korn-Miller, NY Civ Prac, par 2217.02). The irregularity was not jurisdictional. Dismissal of the proceeding or vacatur of an order in such circumstances should be considered in the overall interests of justice, and not as a punitive measure. The decision at Special Term vacating the stay but denying the motion to dismiss was consistent with that philosophy and within the proper bounds of judicial discretion. Finally, with regard to petitioner's representation, we have concluded that Sweeney, Cunningham & Krieg, P. C., should not represent petitioner in this proceeding. It may well be that its members will be subject to a call to testify on material matters. We note that petitioner's representation in this court was by independent counsel, that we were informed on oral argument of this appeal that there has been a substitution, and that petitioner is no longer represented in this matter by the firm of Sweeney, Cunningham & Krieg, P. C. Accordingly, that question is now moot. Concur—Kupferman, J. P., Fein, Silverman and Bloom, JJ.