■ In the Matter of SUSAN KAPLAN, Respondent, for the Dissolution of MED-CREST MANAGEMENT SERVICES, INC., Appellant.—Order, Supreme Court, New York County, entered April 30, 1980, which, *inter alia,* granted petitioner's application for dissolution of Med-Crest Management Services, Inc., unanimously modified, on the law, to the extent of reversing the granting of the application and the dissolution; the application is granted only to the extent of directing a hearing on the issues raised by the papers, and, as so modified, affirmed, without costs and disbursements, and the matter remanded for such hearing. Petitioner, a 40% minority shareholder of issued and outstanding shares, commenced this proceeding for judicial dissolution of Med-Crest Management Services, Inc., on the ground that the assets of the corporation were being looted, wasted and diverted for noncorporate purposes. Respondents, owners of the remaining 60% of the issued and outstanding shares, in opposition accuse petitioner of conspiring to destroy the corporation for the benefit of a newly formed competitor in which petitioner has an interest. The instant appeal does not involve a deadlocked board of directors or situation where a corporation cannot function on a day-to-day basis because of opposition between parties in equal control. Thus, it was improper for Special Term to direct dissolution without a hearing on the disputed issues (see *Liebert v Clapp,* 13 NY2d 313; cf. *Matter of Gordon & Weiss, Inc.,* 32 AD2d 279). Concur—Kupferman, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.

■ MUSEUM OF MODERN ART, Appellant, v GEORGE A. FULLER COMPANY, Respondent, and JOHN B. KELLY, INC., Respondent-Appellant.—Judgment, Supreme Court, New York County, entered on September 4, 1979, unanimously affirmed, without costs and without disbursements, and appeal from order of said court entered on August 30, 1979, unanimously dismissed, without costs and without disbursements, as subsumed in the aforesaid judgment, and the cross appeal from said order dismissed, without costs and without disbursements, as defendant-respondent-appellant is not an aggrieved party. No opinion. Concur—Kupferman, J. P., Fein, Sandler and Carro, JJ.