OPINION OF THE COURT
John A. K. Bradley, J.
This application was instituted by a petition to dissolve a corporation and for the appointment of a receiver.
Petitioner asserts that he and one Richard De Lorenzo are each the owner of one half of the stock of Probe Personnel Consultants, Inc., which is an executive recruiting agency that depends for its business on the skills of its principals and a small number of employees.
Petitioner seeks dissolution on each of the grounds set forth in section 1104 of the Business Corporation Law. The petition alleges misconduct by De Lorénzo including taking corporate money for personal use, failing as treasurer to pay the corporate taxes, making an agreement with the Internal Revenue Service then violating it, failing to pay the corporation’s rent, telephone, utility and other bills, misusing corporate credit cards, taking much time off from work, being intoxicated or under the influence of drugs while at the office. As a result, the petition continues, the corporation’s situation has deteriorated to the point where the principals cannot work together, the business has ceased to be profitable, it has incurred large debts and is *22 insolvent. There is, the petition states, an irreconcilable impasse in the operation and management of the corporation.
De Lorenzo opposes this application contending the petition was not brought in good faith and was brought to advance petitioner’s selfish interests in that petitioner had set up a competing company, created dissent within the corporation and now seeks to destroy the corporation as it is now his competition. De Lorenzo asserts that petitioner has secreted the corporation’s assets and files and diverted the files and the corporation’s accounts receivable to his new corporation. De Lorenzo also says that he had instituted another action against petitioner and other former employees of the corporation for breach of their fiduciary obligations to the corporation.
In response, petitioner has produced affidavits of various persons who formerly worked for the corporation and now work for petitioner’s new company. These affidavits state that De Lorenzo took cocaine in the office, was frequently intoxicated, brought prostitutes into the office and took much time off from work.
Both sides deny the allegations made against them by the other.
Section 1104 (subd [a], par [3]) of the Business Corporation Law provides that the holders of one half of all outstanding shares of the corporation may petition for its dissolution on the ground that “there is internal dissension and two or more factions of shareholders are so. divided that dissolution would be beneficial to the shareholders.” This is a service company that depends for its success on the skills and activity of the principals and a few employees. While the reasons for the corporation’s problems may be in dispute, it cannot be doubted that there is dissension and that as a result a profitable business has become unprofitable. The differences and animosity between the two principals are such as to present an irreconcilable barrier to the continued functioning of this corporation under efficient management. (Matter of Cunningham & Kaming, 75 AD2d 521.) A hearing on the issue of dissolution is only required where there is some contested issue *23 determinative of the validity of the application. (Matter of Gordon & Weiss, 32 AD2d 279.) Here it seems that a dissolution is clearly advisable and in the public interest.
But De Lorenzo raises the issue of good faith. He contends that petitioner wishes to operate his own business without competition from the corporation. He also contends that petitioner has removed some of the corporate assets. Allegations of bad faith constitute a defense to a dissolution. (Myers v Gold, 77 AD2d 652.) However, neither an attempt to deprive De Lorenzo of his financial interest in the business nor the desire by petitioner to set up another company constitute bad faith. In a service corporation, where the services to the clients are performed by the parties to the proceedings who are not working together, where there is a deadlock and consequent loss of profits, the act of one party in seeking to discontinue the business is not bad faith. The so-called issue here presented is not whether this condition exists but why it exists. That being of no relevance, there is no issue. (Matter of Gordon & Weiss, supra.) The very existence of this proceeding precludes the issue of diversion of assets. Whatever De Lorenzo’s share of the business, he will get it. If corporate assets have been improperly diverted a receiver will be empowered to recapture them.
The petition is granted.
Settle order providing for dissolution of the corporation and appointment of a receiver.