OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed without costs.
In this commercial nonpayment proceeding, tenant, within the time prescribed for it to answer, served and filed a motion to dismiss the petition on the ground that the rent demand was defective. That motion, which was made returnable after the return date of the petition (cf CPLR 406 [requiring that a motion “in a special proceeding, made before the time at which the petition is noticed to be heard, shall be noticed to be heard at that time”]), was ultimately denied on the merits. While tenant’s motion to dismiss was pending, a final judgment was entered based on tenant’s failure to answer. Thereafter, tenant moved to, among other things, vacate the default final judgment on the ground that it had been erroneously entered while the motion to dismiss was pending, but setting forth no excuse for its default in answering the petition and no meritorious defense to the proceeding. Tenant now appeals from so much of the Civil Court’s order as denied the branch of its motion seeking to vacate the default final judgment, arguing that it did not have to demonstrate an excusable default and meritorious defense because the default final judgment had been erroneously entered while its motion to dismiss was pending.
In the City of New York, a tenant’s time to answer a nonpayment petition is governed by the special provisions of RPAPL 732 (see Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.42 [d]). These provisions require a respondent to answer before the clerk within five days after service of the notice of petition, and require the court to render judgment in favor of the petitioner if the respondent fails to timely answer. The statute makes no provision for an extension of the time to answer if a respondent *18 moves to dismiss. Moreover, while CPLR 404 (a), which applies to special proceedings generally, provides that a respondent in a special proceeding may move to dismiss within the time allowed for answer and that, if the motion is denied, the court may permit the respondent to answer, this provision, unlike CPLR 3211 (f), which is applicable in plenary actions, does not automatically extend the respondent’s time to answer (see Matter of Dodge, 25 NY2d 273, 286-287 [1969]; Eklecco Newco, LLC v Chagit, Inc., 12 Misc 3d 143[A], 2006 NY Slip Op 51421[U] [App Term, 9th & 10th Jud Dists 2006]), and the court, upon deciding tenant’s motion, did not extend tenant’s time to answer. Thus, even assuming, in favor of tenant, that CPLR 404 (a) is applicable in proceedings governed by RPAPL 732, and even assuming further that a court, upon a motion not made returnable as provided in CPLR 406, may extend the time to answer, issues we need not reach here, the final judgment entered herein was at most premature and tenant showed no basis to set it aside.
Accordingly, the order, insofar as appealed from, denying so much of tenant’s motion as sought to vacate the final judgment, is affirmed.
Pesce, EJ., Weston and Rios, JJ., concur.