■ In the Matter of LAWRENCE A. CLINE, as a Member of Private Capital Management, LLC, Respondent, et al., Petitioner, v THOMAS B. DONOVAN, Appellant. [901 NYS2d 2]—

Orders, Supreme Court, New York County (Bernard J. Fried, J.), entered May 29, 2009, which granted the petition for dissolution of Private Capital Management, LLC (PCM) pursuant to Limited Liability Company Law § 702 and denied respondent's motion to dismiss the petition for failure to state a cause of action, unanimously modified, on the law, to deny the petition and permit respondent to serve an answer, and otherwise affirmed, without costs.

The petition alleges that the two equal managing members of PCM, petitioner Cline and respondent Donovan, no longer speak to each other and have taken antagonistic positions in ongoing, intractable litigation, which has resulted in the deadlock of PCM.

There is a related action entitled *Ficus Invs., Inc. v Private Capital Mgt., LLC* (61 AD3d 1 [2009]). Ficus, a Florida corporation, is the managing member and 80% owner of Private Capital Group, LLC (PCG), which is in the business of buying, managing and selling nonperforming real estate mortgages. PCM is the minority member, holding 20% of PCG. Ficus and PCG al-

lege that respondent Donovan and petitioner Cline misappropriated and diverted over $50 million from PCG to PCM.

In July 2007, Cline entered into a settlement agreement with Ficus and PCG, pursuant to which he returned assets worth millions of dollars to PCG and agreed to cooperate with Ficus's investigation. The settlement agreement is under seal, and it is characterized differently by Cline and Donovan, the former representing that he conveyed to PCM Interest Holding, LLC (PCMIH), an entity wholly owned by Ficus, his economic interest in PCM, and the latter explaining that Cline conveyed his ownership interest in PCM Corp., the entity that owns PCM, to an affiliate of PCG and resigned as a manager of PCM.

This Court affirmed the trial court's order granting Donovan's motion for reimbursement and advancement of legal expenses related to the litigation based upon a provision of PCG's operating agreement allowing the company to advance expenses, and further directed that other defendants in the Ficus action (PCG's former chief financial officer and vice-president) were also entitled to advancement of legal expenses (*id.* at 10-11).

In this petition, Cline alleges that he is a managing member and the former president of PCM and that he holds 50% of the membership interest in PCM. It is also alleged that in 2007 Cline conveyed his economic interest in PCM to petitioner PCMIH. Donovan moved to dismiss pursuant to CPLR 404 and 406, arguing that assuming all of the facts alleged in the petition were true, it should be dismissed for failure to state a claim. Donovan argued that PCMIH lacked standing to seek dissolution because it was admittedly not a member of PCM, but instead allegedly an assignee of Cline's economic interest in PCM. He also argued that the statutory ground on which dissolution was sought—that it was no longer "reasonably practicable to carry on [PCM's] business in conformity with the articles of organization or operating agreement" (Limited Liability Company Law § 702)—could not be established. Donovan requested leave to serve an answer in the event that the motion to dismiss was denied, expressly stating that he denies many of the factual allegations contained in the petition and seeks to assert affirmative defenses based on facts "that will no doubt be in dispute (*e.g.,* [that] Cline is not a member of PCM and lacks standing to bring this special proceeding . . . )."

The motion court found that PCMIH lacked standing to bring the proceeding, but denied the motion to dismiss and granted the petition on the ground that Cline had established that dissolution was warranted pursuant to Limited Liability Company Law § 702. However, under the circumstances here, the motion

court erred in not permitting Donovan to file an answer and instead summarily granting the petition.

Before deciding the motion, the court asked the parties to submit PCM's organizational documents and to explain whether there were any disputes regarding these documents. Donovan submitted PCM's articles of organization dated November 16, 2005, PCM's statement of organization dated 2005, a filing receipt from the New York State Department of State acknowledging the filing of PCM's articles of organization and an operating agreement for PCM dated February 2, 2006. The only document in dispute was the operating agreement, which provides that the initial member of PCM is PCM Corp., (neither of which are petitioners here) and that Donovan and Cline are the managers. The operating agreement purportedly was signed by both Cline and Donovan, although Cline maintained that he had never signed it and that it was a fraudulent document. The operating agreement states that PCM was formed "for the purpose of managing the purchase, and resolution of non-performing mortgage [*sic*] as agreed from time to time by the Managers."

On the basis of this submission alone, Donovan should have been permitted to file an answer, because it raises a factual issue as to whether Cline is a member of PCM and thus has standing to maintain this proceeding. The motion court acknowledged the factual dispute regarding the authenticity of the PCM operating agreement submitted by Donovan, noting that Cline's assertion that the agreement is fraudulent "is indicative of the litigious nature of their relationship" and that the stated purpose of the agreement militates in favor of dissolution because it would "entail even more cooperation between the members" than would be the case if PCM was formed merely as a passive investment entity, as alleged by Donovan. Significantly, the disputed operating agreement specifically addressed by the motion court was not a proper basis for summary adjudication of the petition, but instead, a sound reason to grant Donovan leave to serve an answer. Under such circumstances, where a "factual issue exists which may be raised by answer" (*Matter of Lefkowitz v Therapeutic Hypnosis*, 52 AD2d 1017, 1018 [1976]), it was improvident for the motion court to deny Donovan's application for leave to serve an answer (*compare Matter of Dodge*, 25 NY2d 273, 286-287 [1969]; *Matter of Cunningham & Kaming*, 75 AD2d 521, 522 [1980] [where permitting respondent to file an answer would have served no useful purpose]). Concur—Saxe, J.P., Catterson, Moskowitz, DeGrasse and Abdus-Salaam, JJ.