■ JOCELYN BLANC-KOUSASSI, Respondent, v JOYCE A. CARRINGTON, Also Known as JOYCE ROOKWOOD, Appellant. [41 NYS3d 28]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 5, 2016, which denied defendant's motion for summary judgment dismissing the complaint and declaring her the surviving widow of decedent, unanimously affirmed, with costs.

The court properly concluded that plaintiff provided sufficient evidence to raise a triable issue of fact concerning whether plaintiff and decedent were divorced in the Ivory Coast, as defendant contends (*see Ahmad v City of New York*,

129 AD3d 443, 444 [1st Dept 2015]). Plaintiff produced an attestation by the administrator of legal services in the Ivory Coast stating that there was no record of a judgment involving plaintiff and decedent since 1985.

Although the document failed to include a certification as to the genuineness of the administrator's signature, as mandated by CPLR 4542 (a), hearsay evidence is admissible to defeat a motion for summary judgment provided that it is not the only evidence (see Uncyk v Cedarhurst Prop. Mgt., LLC, 137 AD3d 610, 611 [1st Dept 2016]). Here, plaintiff stated in her affidavit that she withdrew her divorce petition in the Ivory Coast and never divorced decedent. She also provided the affidavit of her son, an attorney, concerning the steps he took to obtain the attestation from the administrator in the Ivory Coast.

Defendant argued that plaintiff was collaterally estopped from asserting that she was still married to decedent at the time of his death because a California court had granted decedent's motion to quash her divorce petition in that state. However, collateral estoppel requires an identity of issues which were necessarily decided in the first action and are decisive in the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling (see Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]).

Evidence was presented that the California action may have been dismissed for lack of personal jurisdiction over decedent, rather than because plaintiff and decedent were already divorced. Thus, there may not have been an identity of issues necessarily decided. Concur—Tom, J.P., Sweeny, Richter, Manzanet-Daniels and Webber, JJ.