Chickery v Prestige Catering, Inc. (2021 NY Slip Op 50361(U))

[*1]

Chickery v Prestige Catering, Inc.

2021 NY Slip Op 50361(U) [71 Misc 3d 134(A)]

Decided on April 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-644 Q C

Deonand Chickery, Respondent,
against
Prestige Catering, Inc. and Markland Clark, Appellants.

David B. Calender, for appellant.
The Sharma Law Group, PLLC, for respondent (no brief filed).

Appeal from a final judgment of the Civil Court of the City of New York, Queens County
(Sally E. Unger, J.), entered September 27, 2019. The final judgment, after a nonjury trial,
awarded petitioner possession and the principal sum of $91,656.45 in a nonpayment summary
proceeding. The appeal from the judgment brings up for review an order of that court dated
August 16, 2019 denying respondents' motion to dismiss the petition.

ORDERED that the final judgment is affirmed, without costs.
Petitioner commenced this nonpayment proceeding on March 26, 2019. Prior to joinder of
issue, respondents moved to dismiss the petition on the ground that petitioner did not have
authority to lease the premises to respondents (see CPLR 3211 [a]; 404 [a]). In an order
dated August 16, 2019, the Civil Court denied the motion, finding that petitioner is a landlord
(see RPAPL 721 [1]). The court stated that respondents had defaulted by not timely
serving and filing an answer, and set the matter down as final for trial on September 26, 2019. On
September 24, 2019, respondents served and filed a verified answer which, in court on
September 26, 2019, the court rejected as a nullity, stating that respondents had not been granted
leave to interpose a late answer. The court denied respondents' attorney's request for an
adjournment and held a limited trial, in which it did not permit respondents' attorney to ask any
questions related to personal jurisdiction or petitioner's authority to enter into the subject lease.
Following the trial, a final judgment was entered awarding petitioner possession and the principal
sum of $91,656.45.
Respondents' arguments on appeal regarding personal jurisdiction have been waived, as
respondents failed to raise the issue in their pre-answer motion to dismiss (see CPLR
3211 [e]; Cadlerock Joint Venture, L.P.
v Kierstedt, 119 AD3d 627 [2014]; Taveras v City of New York, 108 AD3d 614 [2014]).
Contrary to respondents' argument, their motion to dismiss the petition was properly denied.
Pursuant to RPAPL 721 (1), a "landlord or lessor" is entitled to maintain a summary proceeding
(see Attia v Imoukhuede, 55 Misc
3d 135[A], 2017 NY Slip Op 50490[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists
2017]; Tacfield Assoc., LLC v
Davis, 43 Misc 3d 129[A], 2014 NY Slip Op 50531[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2014]; Mirra v
Pattee, 19 Misc 3d 142[A], 2008 NY Slip Op 51031[U] [App Term, 2d Dept, 2d &
11th Jud Dists 2008]). Here, not only did respondents admit entering into a lease with petitioner,
petitioner submitted proof that it had obtained permission to sublease the premises prior to
entering into the lease with respondents.
While respondents argue that CPLR 3211 (f) extended their time to answer, CPLR 3211 (f)
"is inapplicable in a summary proceeding" (Eklecco Newco, LLC v Chagit, Inc., 12 Misc 3d 143[A], 2006 NY
Slip Op 51421[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; see CPLR
404 [a]; Matter of Dodge, 25 NY2d 273 [1969]). CPLR 404 (a), applicable to special
proceedings, including summary proceedings (see RPAPL 701), permits a respondent to
"move to dismiss within the time allowed for answer and [provides] that, if the motion is denied,
the court may permit the respondent to answer" (860 Nostrand Assoc., LLC v WF Kosher Food Distribs. Ltd., 27 Misc
3d 16, 18 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). An extension of time
to answer under CPLR 3211 (f) is automatic, but an extension of time to answer under CPLR 404
(a) is not (see 860 Nostrand Assoc., LLC, 27 Misc 3d 16). Here, since permitting
respondents to answer would have served no useful purpose, the Civil Court did not
improvidently exercise its discretion in declining to permit respondents to answer (see Matter
of Cunningham & Kaming, 75 AD2d 521 [1980]).
Finally, we find that, contrary to respondents' argument, it was not an improvident exercise
of discretion for the trial court to deny their request for an adjournment (see XVV, Inc. v Warner Ins. Co., 65
Misc 3d 156[A], 2019 NY Slip Op 51955[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019]).
Accordingly, the final judgment is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 23, 2021