| |
|---|
| **Bodenchak v 5178 Holdings LLC** |
| 2026 NY Slip Op 30659(U) |
| February 25, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 152916/2024 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**                      PART                    47

*Justice*

-------------------------------------------------------------------------------X

DAWN BODENCHAK,                                          INDEX NO.          152916/2024

Plaintiff,                                              MOTION DATE        06/06/2025

- v -                                                   MOTION SEQ. NO.       005

5178 HOLDINGS LLC,ADAM RIGGS, SCALABLE,
LLC,KEITH GOGGIN                                         **DECISION + ORDER ON
                                                             MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 129, 130, 131, 132, 133

were read on this motion to/for                         DISMISSAL                    .

In this hybrid proceeding, respondents/defendants (respondents) move pursuant to CPLR

§§ 409(b) and 404(a) to dismiss the petition, in which petitioner/plaintiff (petitioner) seeks to

compel the dissolution of respondent 5178 Holdings LLC (5178) pursuant to NY LLC Law §

702; the appointment of a receiver to oversee the sale of property owned by 5178 and the

distribution of proceeds from such sale; and to recover damages for respondents' alleged breach

of their fiduciary duties and the covenant of good faith and fair dealing.

## BACKGROUND

Frank Bodenchak (Bodenchak, or the decedent) was the original petitioner in this

proceeding before he passed away. By decision and order dated January 8, 2025 (MS #2,

NYSCEF Doc No 39), Dawn Bodenchak (petitioner), the decedent's wife and the executor of his

estate, was substituted as petitioner. The following facts are alleged in the verified petition:

152916/2024   DAWN BODENCHAK, AS EXECUTOR OF THE ESTATE OF FRANK BODENCHAK,     Page 1 of 10
DECEASED. vs. 5178 HOLDINGS LLC ET AL
Motion No.  005

1 of 10

[* 1]

In 2013, 5178 was created "to purchase, own, and develop the residential unit known as Unit No. 8, in the building known as 5 East 17th Street Condominium and located at 5 East 17th St., New York, New York, [(the property)] as well as any and all activities related or incident thereto" (NYSCEF Doc No 3 [Operating Agreement] ¶ 1.4). Its members, respondent Keith Goggin, respondent Scalable LLC (owned and operated by respondent Adam Riggs), and Frank Bodenchak, each had one-third interest in the LLC (*id.*, Ex. A). "5178's then-members made initial capital contributions to fund the purchase of the Penthouse" (NYSCEF Doc No 1 [Petition] ¶ 21).

"By early 2019, the Penthouse development was substantially complete and ready to begin marketing for sale" and it was listed for $17 million (*id.* ¶ 22). In April of 2019, 5178 received and accepted an offer for sale of the property for $14 million, but the transaction failed (*id.* ¶ 23).[1] "After this initial sale fell through, the partners agreed to continue marketing the Penthouse, but in 2020 the COVID-19 pandemic temporarily bottomed out the New York City real estate market" (*id.* ¶ 24). Bodenchak offered to sell Goggin his interest in 5178, valuing the property at $13.55 million to determine his *pro rata* share (*id.* ¶ 27). Goggin allegedly "initially accepted," but then "countered with an offer that included a 5% discount"—explaining that he planned to purchase the property for himself, which would eliminate the broker's fee—which Bodenchak rejected (*id.* ¶¶ 28-32).

As the real estate market rebounded, 5178 received additional offers to purchase the property "well in excess of $14 million," but Goggin and Riggs allegedly "refused to even consider them" (*id.* ¶¶ 33-34). Goggin allegedly "feign[ed] excuses for failing to be able to make the Penthouse available . . . to schedule showings," and "on one occasion when [he] was able to

---

[1] This transaction is the subject of a separate action pending in this court, *Zablink LLC v 5178 Holdings LLC*, Index No 161566/2019 (the *Zablink* action).

**152916/2024   DAWN BODENCHAK, AS EXECUTOR OF THE ESTATE OF FRANK BODENCHAK, DECEASED. vs. 5178 HOLDINGS LLC ET AL Motion No. 005**
Page 2 of 10

[* 2]
2 of 10

attend a showing, he candidly told 5178's broker that the Penthouse was not for sale" (*id.* ¶¶ 44-45). Bodenchak remained "willing to transfer his shares in 5178 [] for market value, but Mr. Goggin [would] not budge" (*id.* ¶ 47). Goggin then purchased Scalable's membership interest in 5178, giving Goggin majority control over the LLC (*id.* ¶ 49).

## DISCUSSION

Summary Determination Pursuant to CPLR § 409(b)

In a special proceeding, pursuant to CPLR § 409(b), "[t]he court [may] make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (CPLR § 409[b]). "The burden of production is on the petitioner[,] and the court applies settled summary judgment standards, under which the party seeking relief must establish entitlement to judgment as a matter of law by submitting admissible evidence" (*Matter of Jaime v City of New York*, 41 NY3d 531, 541-42 [2024] [internal citations omitted]).

Respondents argue that "Petitioner's only so-called evidence in support of her claims is Mr. Bodenchak's verified petition, which became inadmissible hearsay upon his death" since a verified petition is the equivalent of an affidavit and affidavits of personal knowledge by a decedent are inadmissible (NYSCEF Doc No 103, pp. 6-7). Respondents assert that "[w]ithout the verified petition, Petitioner's remaining evidence is a handful of contextless emails [] and undated photos [that] fall woefully short of establishing Petitioner's entitlement to judgment as a matter of law" (*id.*). Respondents further note that "Ms. Bodenchak cannot resolve the Petition's deficiencies, or meet her burden of production, by relying on any statements made to her by Mr. Bodenchak" because "CPLR § 4519 (also known as the Dead Man's Statute) precludes an interested party from testifying about transactions with a decedent" (NYSCEF Doc No 103).

152916/2024   DAWN BODENCHAK, AS EXECUTOR OF THE ESTATE OF FRANK BODENCHAK,   Page 3 of 10
DECEASED. vs. 5178 HOLDINGS LLC ET AL
Motion No.  005

3 of 10

[* 3]

In opposition, petitioner argues that "[t]he allegations of a decedent do not vanish or become unprovable as inadmissible hearsay" upon his death, and in any event, "the affidavit of a decedent may be used to overcome summary judgment, which is the precise procedural posture this matter is in now" (NYSCEF Doc No 131, pp. 4-5). Petitioner further asserts that she "possesses direct, independent knowledge of the events underlying this dispute" and therefore does not need to rely on her "personal transaction[s] or communication[s] with the decedent" which would be barred by the Dead Man's Statute (*id.*, p. 7). Additionally, petitioner notes that "[t]he Dead Man's Statute was never designed to handicap a decedent's estate from pursuing valid claims," but rather "to shield estates from self-interested claims *against* them" (*id.*). Finally, petitioner asserts that "[b]eyond Mrs. Bodenchak's personal knowledge, there are numerous other evidentiary channels through which the allegations in the Verified Petition can be proven," including the documents attached thereto, records demonstrating the condition of the property, and "deposition testimony from Mr. Goggin, Mr. Riggs, and non-parties" (*id.*, p. 8).

With respect to the petition, the Dead Man's Statute is inapplicable since the petition is based on "personal knowledge [and verified] by the decedent himself, and not testimony of any transactions or communications with him" (*Friedman v Sills*, 112 AD2d 343, 345 [2nd Dept 1985]). While in a plenary action, the decedent's allegations could be deemed "inadmissible at [] trial because [it is] self-serving hearsay, and do[es] not come within any of the recognized exceptions to the hearsay rule" (*id.*), "[i]n a special proceeding, such as a proceeding for the judicial dissolution of a limited liability company, '[t]he court [may] make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised'" (*Matter of FR Holdings, FLP v Homapour*, 154 AD3d 936, 938 [2nd Dept 2017]). Therefore, as this is a hybrid proceeding, the petition is admissible to the extent that

**152916/2024   DAWN BODENCHAK, AS EXECUTOR OF THE ESTATE OF FRANK BODENCHAK,**
**DECEASED. vs. 5178 HOLDINGS LLC ET AL**
**Motion No.  005**

**Page 4 of 10**

[* 4]

4 of 10

petitioner seeks to compel dissolution of 5178 and appoint a receiver, as such relief is available in special proceedings where there are no material issues of fact. To the extent petitioner seeks to recover damages that would only be available in a plenary action, even if the petition is deemed hearsay, "hearsay evidence is admissible to defeat a motion for summary judgment provided that it is not the only evidence" (*Blanc-Kousassi v Carrington*, 144 AD3d 470, 471 [1st Dept 2016]), as is the case here (NYSCEF Doc Nos 3-15 [documents annexed to the petition, including the operating agreement, email communications regarding sales and buyout, notice of co-manager meeting], Doc Nos 104-11 [affirmation of Keith Goggin and the exhibits attached thereto, including the property listing with price history], Doc No 129 [petitioner's affirmation to the extent based on her own personal knowledge; *see also generally*, *Zablink LLC v 5178 Holdings LLC*, Index No 161566/2019).

Moreover, as petitioner notes, her substitution of the decedent in place and stead of petitioner ensured that his claims were "not thereby extinguished" by his death (CPLR § 1015). CPLR § 1015 would be significantly undermined if the executor of an estate substituting for a deceased litigant could not rely on the decedent's pleadings and sworn statements. Additionally, while New York does not have a formal residual hearsay exception, the petition was verified by the decedent, which lends "guarantees of trustworthiness" that it accurately and authentically set forth the decedent's allegations; and it is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts" (FRE § 807; *Hisami Abe v Yamaguchi & Friends, Inc.*, 2025 U.S. Dist. LEXIS 228817 *5 [EDNY 2025] ["as Plaintiff [] is now deceased, her affidavit falls within the residual exception to the hearsay rule"]).

Accordingly, the petition will not be dismissed pursuant to CPLR § 409(b).

152916/2024  DAWN BODENCHAK, AS EXECUTOR OF THE ESTATE OF FRANK BODENCHAK,          Page 5 of 10
DECEASED. vs. 5178 HOLDINGS LLC ET AL
Motion No. 005

5 of 10

Objection of Law Pursuant to CPLR § 404(a)

Pursuant to CPLR § 404(a), a "respondent may raise an objection in point of law by setting it forth in his answer or by a motion to dismiss the petition" (CPLR § 404[a]). The "evident purpose [of this provision] is to permit a motion to be made on all grounds available in an action under CPLR 3211" (*Matter of Bernstein Family Ltd. Pship v Sovereign Partners, L.P.*, 66 AD3d 1, 5 [1st Dept 2009]).

    i.        *First Cause of Action for Corporate Dissolution*

Respondents argue that the petition fails to state a claim for dissolution because NY LLC Law § 702 provides for dissolution only when "it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement" (NY LLC Law § 702) and here, "5718 has operated and continues to operate in conformity with its stated purposes" (NYSCEF Doc No 103, p. 9) "to purchase, own, and develop" the property (FAOA ¶ 1.4). Petitioner argues that respondents' reading of the operating agreement fails to account for "[t]he only reasonable economic expectation from such a venture [which] is that the property would then be marketed and sold or rented," and that "Mr. Goggin's yearslong refusal to do either epitomizes economic frustration" of 5718's purpose (NYSCEF Doc No 131, p. 10).

In resolving "all reasonable inferences [in petitioner's] favor" as required at this motion to dismiss stage, plaintiff has adequately stated a claim for dissolution (*Gorelik v Mount Sinai Hosp. Ctr.*, 19 AD3d 319, 319 [1st Dept 2006] [a motion to dismiss for failure to state a claim "must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law"] [internal quotations omitted]). While the operating agreement does not explicitly state that the property was intended to be sold or

rented upon completing development, such a purpose can be reasonably inferred from the circumstances. Most notably, the property is 5178's sole asset; if sale or rental of the property (or in this case, buyout so one member could own the property himself) was not 5178's purpose, there would simply be no financial benefit in its purchase and development, which required significant investment. Moreover, 5718 did, in fact, market the property for sale in 2019; accepted an offer by Zablink LLC in April of 2019 (though it fell through); and when Bodenchak sought to sell his membership interest, Goggin made a counteroffer (though it was not accepted).

Here, respondents failed to demonstrate "through the operating agreement or any other evidence that the material fact alleged by the [petitioner] regarding [5718's] purpose is not a fact at all and that no significant dispute exists regarding it" (*Mace v Tunick*, 153 AD3d 689, 690-91 [2nd Dept 2017] [internal quotation marks omitted]). At this stage of the litigation and under the circumstances, a "determination that [5718's] purpose was simply to acquire and [develop the] property [would be] an impermissible factual finding" (*id.*). Accordingly, petitioner's first cause of action seeking 5718's dissolution will not be dismissed for failure to state a claim.

### ii. Second Cause of Action for Breach of Fiduciary Duty

Respondents argue that petitioner lacks standing to assert a claim for breach of fiduciary duty because "[t]his is a quintessential derivative claim that a member of an LLC does not have standing to allege in his individual capacity," and in any event, "Petitioner has failed to allege 'misconduct' by Mr. Goggin" based on his rejection of Bodenchak's offers "or that [petitioner] has suffered any damages" besides hypothetical ones (NYSCEF Doc No 103, pp. 12-13). In opposition, petitioner argues that "a claim for a breach of fiduciary duty against a managing member may be brought by an aggrieved non-managing member when the harm is personal and distinct from the harm to the entity," as is the case here because "Goggin's campaign of

**152916/2024   DAWN BODENCHAK, AS EXECUTOR OF THE ESTATE OF FRANK BODENCHAK,**   **Page 7 of 10**
**DECEASED. vs. 5178 HOLDINGS LLC ET AL**
**Motion No.  005**

7 of 10

economic attrition served no business interest; it was designed to punish Mr. Bodenchak personally for attempting to negotiate a buyout and rejecting Mr. Goggin's undervalued counteroffers" (NYSCEF Doc No 131, pp. 11-12).

As petitioner notes, as the managing member of 5718, Goggin owed Bodenchak a fiduciary duty (*Atlantis Mgt. Group II LLC v Nabe*, 177 AD3d 542, 543 [1st Dept 2019]). Petitioner alleges that Goggin's refusal to monetize the property amounts to misconduct "designed to leverage Petitioner into accepting a buyout for less than fair market value," "even as Goggin requires Petitioner to expend significant sums for its upkeep" (Petition ¶¶ 157-58). Here, Goggin's rejection of petitioner's offer "is not the sole wrong alleged to be a breach; it is the entire course of conduct," including Goggin's "low-ball" counteroffer, lack of communication with Bodenchak, failure to consider offers of sale, and "the allegedly collusive 'secret agreement'" to purchase Scalable's interest and gain majority control over the LLC (*Richbell Info. Servs. v Jupiter Partners, L.P.*, 309 AD2d 288, 302 [1st Dept 2003]; Petition ¶¶ 28-34, 47-49). These allegations, taken as a whole and accepted as true on the instant motion to dismiss, suffice to state a claim for breach of fiduciary duty, which "is a sensitive and 'inflexible' rule of fidelity, barring not only blatant self-dealing, but also requiring avoidance of situations in which a fiduciary's personal interest possibly conflicts with the interest of those owed a fiduciary duty" (*Birnbaum v Birnbaum*, 73 NY2d 461, 466 [1989]). Accordingly, petitioner's second cause of action for breach of fiduciary duty will not be dismissed.

iii.  *Third Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing*

Respondents argue that petitioner fails to state a claim for breach of the implied covenant of good faith and fair dealing because it is based on Goggin's failure to sell the property and the operating agreement does not have any sale requirement, and consequently "Petitioner cannot

**152916/2024   DAWN BODENCHAK, AS EXECUTOR OF THE ESTATE OF FRANK BODENCHAK,**      **Page 8 of 10**
**DECEASED. vs. 5178 HOLDINGS LLC ET AL**
**Motion No. 005**

8 of 10

[* 8]

demand 'a specific result' that is not promised in the Operating Agreement" (NYSCEF Doc No 103, p. 14). However, as respondents themselves acknowledge, the "covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (*Aventine Inv. Mgmt., Inc. v Canadian Imperial Bank of Commerce*, 265 AD2d 513, 514 [2nd Dept 1999]). Here, while the operating agreement does not expressly require 5178 to sell or rent the property, petitioner has alleged that failure to do so would deprive her of the reasonably expected benefits under the operating agreement.[2] Accordingly, petitioner's third cause of action for breach of the implied covenant of good faith and fair dealing will not be dismissed for failure to state a claim.

Leave to File an Answer

As respondents note, CPLR § 404(a) provides that if a motion to dismiss based on an objection in point of law is denied, "the court may permit the respondent to answer, upon such terms as may be just" (CPLR § 404[a]), such as where issues of fact have been raised (*Matter of Cline v Donovan*, 72 AD3d 471, 473 [1st Dept 2010]). Respondents have demonstrated that issues of fact exist and petitioner does not provide an opposing argument on this point (NYSCEF Doc No 131). Accordingly, respondents will be permitted to serve an answer in compliance with CPLR § 404(a).

---

[2] The case cited by respondents for the proposition that petitioner cannot demand a specific result that is not promised in the agreement involved a breach of contract claim, not breach of the implied covenant of good faith and fair dealing (*Steiner v Lazzaro & Gregory, P.C.*, 271 AD2d 596 [2nd Dept 2000]).

**152916/2024 DAWN BODENCHAK, AS EXECUTOR OF THE ESTATE OF FRANK BODENCHAK, DECEASED. vs. 5178 HOLDINGS LLC ET AL** **Page 9 of 10**
**Motion No. 005**

## CONCLUSION

Based on the foregoing, it is

ORDERED that respondents' motion is denied except to the extent that they may serve and file an answer within five days after service of this order with notice of entry.

20260225122331PGOETZ68FBS80AF6354FD684B2AACC8F227213

| 2/25/2026 | | PAUL A. GOETZ, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152916/2024   DAWN BODENCHAK, AS EXECUTOR OF THE ESTATE OF FRANK BODENCHAK, DECEASED. vs. 5178 HOLDINGS LLC ET AL
Motion No.  005